380 F.2d 360
 A. H. FOX and Edith Fox, dba Firebird Motor Hotel, Appellants,
v.
CONNECTICUT FIRE INSURANCE COMPANY, a corporation, and General Adjustment Bureau, Inc., a corporation, Appellees.
 No. 9191.
 United States Court of Appeals Tenth Circuit.
 June 29, 1967.
 
 Louis A. Mankus, Cheyenne, Wyo., for appellants.
 Brooke Wunnicke and T. A. Fennell, Cheyenne, Wyo., for appellees.
 Before PHILLIPS, LEWIS and HILL, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 The appeal is from an order granting summary judgment.
 
 
 2
 The parties and this factual controversy were before the court in a prior appeal[1] and the basic facts of the controversy are set out fully there and need not be reiterated here. The first case was an action brought to recover upon a fire insurance policy. Recovery in the district court was had there against the insurer and the adjustment company. We affirmed the judgment as against the insurer under the provisions of the insurance contract and reversed as to the adjustment company. Now appellants are seeking to recover their costs of litigation in the first case, plus punitive damages, against the adjustment company.[2]
 
 
 3
 Appellants, as a factual basis for this cause of action allege substantially as follows: The insurance contract between Connecticut Fire and them; damage to their building by fire; an agreement between them and Connecticut Fire and General Adjustment to extend the time provided for the filing of a proof of loss by them with the insurer, the agreement being in writing and executed by General Adjustment as the agent for the insurer; the filing of the proof of loss within the 60 day extended period; the repudiation of the extension agreement by both the insurer and General Adjustment; and, the litigation resulting from the repudiation which compelled appellants to expend the money they here seek to recover from General Adjustment.
 
 
 4
 The trial judge, in granting the summary judgment, found: The defense of res judicata is based on a final judgment on the merits in a prior case; the parties in both cases are identical; the two cases involve the same subject matter; the same contract is the basis of plaintiffs' claim in each case; and, the cause is barred by res judicata as a matter of law. It should be noted that, in open court, upon the hearing upon the motion for summary judgment, counsel for plaintiffs (appellants here) moved to dismiss the action as against Connecticut Fire, and the court, in sustaining the motion for summary judgment also dismissed as against Connecticut Fire and no appeal was taken from that dismissal.
 
 
 5
 This court in Mid-Continent Casualty Co. v. Everett, 10 Cir., 340 F.2d 65, reiterated the well recognized rule as to the application of the legal theory of res judicata and said, "Under the doctrine of res judicata the final judgment of a court of competent jurisdiction upon the merits of a controversy is conclusive as to the parties to the litigation and their privies and it is a bar to any further litigation upon the same cause of action, * * *." In Box v. Rundell, 10 Cir., 179 F.2d 626, this court also said, "The law is settled that a judgment rendered between parties or their privies is conclusive thereafter as to all matters litigated therein and as to every issue, claim or defense which could have been appropriately decided."
 
 
 6
 We agree with the trial judge. Piercing the facts alleged for recovery in both cases, each cause of action arose because of Connecticut Fire's refusal to pay in accordance with the provisions of the insurance policy it had issued to appellants. The amount of money recovered in the first case by appellants and the money they seek to recover in this case both flow from Connecticut Fire's refusal to pay under the policy and not from any alleged breach of an extension agreement as counsel for appellants would have us hold. The agreement to extend the time for filing of a proof of loss and its attempted repudiation by the insurer were merely incidental to the basic facts giving rise to a cause of action to recover litigation expenses. It is clear that the undisputed facts of this case meet the requirements for the application of res judicata. This action involves the same subject matter as was involved in the prior litigation and the parties litigant in the two cases are identical.[3] If appellants desired to recover their expenses of litigation in the prior case or any other damage claimed to flow from the refusal of the insurer to pay under the provisions of the fire insurance policy, they were required to assert such claims in that litigation.[4] They are not permitted to seek or collect their damages piecemeal.[5]
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Connecticut Fire Ins. Co. v. Fox, 10 Cir., 361 F.2d 1
 
 
 [2]
 This action was originally brought by appellants against both Connecticut Fire, the insurer, and appellee. General Adjustment
 
 
 [3]
 Mid-Continent Casualty Co. v. Everett, supra; First National Bank in Wichita v. Luther, 10 Cir., 217 F.2d 262; Heron v. City of Denver, 10 Cir., 251 F.2d 119
 
 
 [4]
 Box v. Rundell, supra
 
 
 [5]
 See Security Insurance Co. of New Haven v. Johnson, 10 Cir., 276 F.2d 182; Providential Development Co. v. United States Steel Co., 10 Cir., 236 F.2d 277; Flood v. Besser Co., 3 Cir., 324 F.2d 590