Joseph **DRISCOLL**, as President of Local 866, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, a labor organization, on its own behalf and on behalf of W. H. Hunt and all like situated members and former members of Local 866, IBT, Plaintiff,

v.

**HUMBLE OIL & REFINING COMPANY,** a Delaware corporation, Defendant,

No. 72 Civ. 2742.

United States District Court, S. D. New York.

May 23, 1973.

Guazzo, Silagi & Craner, New York City, for plaintiff; Caesar C. Guazzo, New York City, of counsel.

Kelley, Drye, Warren, Clark, Carr & Ellis, New York City, for defendant; Frederick T. Shea, Exra I. Bialik, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

The instant case is before this Court on the motion of defendant (hereinafter "Humble") for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set out *infra*, the motion is granted in part and continued in part.

The case *sub judice* is the fourth in a series of arbitration, district court and appellate court proceedings growing out of a labor dispute between Humble and plaintiff (hereinafter the "Union"). Since the facts of that dispute are described in detail in a previous decision, Humble Oil & Refining Co. v. Local 866, IBT, 321 F.Supp. 374 (S.D.N.Y.1970), this Court will confine itself to a brief review of the events leading to the instant suit.

On January 22, 1965, Humble and the Union, after the termination of a three-month strike, entered into an agreement whereby Humble would be allowed to reduce its work force through a series of lay offs. Any employee who was laid off was entitled to severance pay. In accordance with the agreement, Humble paid the required severance allowances to 106 employees who had been laid off on January 25, 1965.

On February 1, 1965, Humble, due to an increase in the number of voluntary resignations and early retirements, recalled 28 of the previously laid off employees. A condition of the recall, was, however, that the severance allowance be repaid to Humble. The recalled employees complied with that condition. The Union protested Humble's position of requiring the return of severance pay and demanded arbitration pursuant to the collective bargaining agreement.

The issue before the Board of Arbitration was:

"Did the company [Humble] violate the agreement between the parties in requiring the return of severance allowance from employees laid off and recalled to work? If so, what shall the relief be?"

After a lengthy hearing, the arbitrators made the following award:

"1. The Company violated the agreement between the parties in requiring return of severance allowances from employees laid off and recalled to work.

"2. The Company shall, forthwith, repay to all affected employees whatever sums they returned plus whatever interest or similar expenses these employees incurred in connection with returning their severance pay.

"3. The claims of men who were recalled in February, 1965, but declined to return to work are denied."

Humble then instituted an action to vacate the award claiming that the arbitrators had exceeded their powers in making the award. Cross-motions for summary judgment were denied by Judge Bonsal. After a non-jury trial, Judge Cooper found for the defendant Union and entered a judgment confirming the award. While Humble's appeal of the final judgment was pending, the Union moved to "correct" the arbitration award pursuant to 9 U.S.C. § 11 (1970). The motion was denied by Judge Bryan and the Union then filed an appeal of the decision.

Subsequently, the Court of Appeals affirmed Judge Cooper's decision and the Union withdrew its appeal of Judge Bryan's decision. The Union then submitted to Judge Cooper a second amended judgment which asked for the very same modifications denied by Judge Bryan. Judge Cooper declined to sign the amended judgment relying on Judge Bryan's memorandum denying the Union's motion to correct the award.

Finally, we come to the instant case wherein the Union seeks the very same relief it was denied by Judges Cooper and Bryan, *i. e.,* specifying the amounts due each employee, the imposition of interest, costs of litigation and attorney's fees. Clearly, if the Court were to interpret this action as but a third attempt to amend the arbitration award—an interpretation which might well be justified by the circumstances—it would be constrained to grant defendant's motion on the ground that plaintiff's requested relief is time barred by 9 U.S.C. § 12 (1970) or Fed.R.Civ.P. 59. Humble Oil & Refining Co. v. Local 866, IBT, 67 Civ. 116 (S.D.N.Y. April 23, 1971).

The Union has, however, attempted to avoid just such a result by instituting a separate action requesting judgment (1) directing Humble to pay specified amounts to each aggrieved employee, (2) for statutory interest, (3) for attorney's fees and costs of litigation, and (4) for an amount allegedly representing a deficiency between the monies returned to Humble and the monies repaid to the employees subsequent to the confirmation of the award. Defendant has moved for summary judgment on the grounds of, *inter alia, res judicata* and collateral estoppel.

Generally, the rule of *res judicata* "is that a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action between the same parties . . . upon the same claim or demand. It operates to bind the parties both as to issues actually litigated and determined in the first suit, and as to those grounds or issues which might have been, but were not, actually raised and decided in that action. The first judgment, when final and on the merits, thus puts an end to the whole cause of action." Saylor v. Lindsley, 391 F.2d 965, 968 (2d Cir. 1968). There is no doubt that the present claims arise from the very same cause of action previously submitted to, and determined by, both the arbitration panel and the district court. Defendant contends that since plaintiff had two opportunities to raise those issues in the prior litigation, the instant claim is barred by *res judicata.*

■ Plaintiff counters by arguing, in effect, that defendant has waived the right to raise the defense by consenting to a bifurcation of liability and damages. In support of its position, plaintiff cites to that portion of Judge Bryan's memorandum which states:

> "[T]he issues as to the specific amounts payable by Humble to each aggrieved employee were never presented to the arbitrators for determination. On the contrary both parties specifically agreed on the record at the arbitration that these issues were not before the arbitrators and need not be decided by them." Humble Oil & Refining Co. v. Local 866, IBT, 67 Civ. 116 (S.D.N.Y. April 23, 1971).

The Court agrees with plaintiff that the defenses of *res judicata* and splitting a cause of action may be waived. *See,* 1A Moore, Fed.Prac. ¶¶ 0.405[1] at 629, 0.410[2] at 1167 (2d ed. 1965). The

Court, however, does not agree that such a waiver had occurred in the prior proceedings.

The record of the arbitration hearing belies plaintiff's contentions.

"THE ARBITRATOR: Now I have not been informed as to the issue in this case. Have the parties tried to stipulate the issue prior to the hearing?

"MR. GOLDBERGER [counsel to the Union]: No, there wasn't any attempt to prepare a stipulated issue.

"MR. DILL [counsel to Humble]: The Union did state the issue. I assume it was understood that that is the issue.

\* \* \* \* \* \*

"THE ARBITRATOR: Would you read it?

"MR. DILL: Did the company violate the agreement between the parties in requiring return of severance allowance to employees laid off and recalled to work?

"THE ARBITRATOR: Mr. Goldberger?

"MR. GOLDBERGER: *I would just add to that, if so, what shall the relief be?*" (Tr. at 3–4.) (Emphasis added.)

It is clear that the Union intended the arbitration panel to determine the relief available to the aggrieved employees. Furthermore, the record is devoid of any reference to a splitting of the issues of liability and damages.

What *is* evident from the record is that Humble, from the very outset of the proceedings, (1) denied that the issue was arbitrable (Tr. at 6–13, 103–08) and (2) asserted that even if the issue was arbitrable the panel was restricted by contract to the amount and kind of money damages it could award. (Tr. at 12–13). Indeed, the Union's attorney summarized Humble's position quite accurately.

"MR. GOLDBERGER: What he [Dill] says is that you have no right to provide a remedy, because there is no arbitration clause in the special agreement." (Tr. at 104.)

It is manifestly clear to this Court after a review of the entire record that at no time did Humble, *or the Union*, suggest or agree to a splitting of the issues of liability and damages.

The excerpt from Judge Bryan's opinion upon which plaintiff so heavily relies is not inconsistent with this finding. The excerpt must be read in the context of the opinion.

"The union's reliance on International Assoc. of Machinists v. Crown Cork and Seal Co. . . . is misplaced. There the question of the amount of damage was expressly presented to the arbitrator. On his failure to decide that issue, the District Court, at the union's request, returned the issue to the arbitrator. In the case at bar the issues as to the specific amount payable by Humble to each aggrieved employee were never presented to the arbitrator for determination." Humble Oil & Refining Co. v. Local 866, IBT, 67 Civ. 116 (S. D.N.Y. April 23, 1971).

It is clear that Judge Bryan's opinion does not support plaintiff's contention that the issues of liability and damage were split. Furthermore, Judge Bryan recognized plaintiff's failure to raise the issue at an earlier time:

"Plainly, defendant union had ample opportunity to raise these issues during the more than four years since the award was handed down and during the protracted litigation which resulted in its confirmation. The union's present application comes too late and may not be granted for a number of reasons." Humble Oil & Refining Co. v. Local 866, IBT, 67 Civ. 116 (S.D. N.Y. April 23, 1971).

Finally, plaintiff's contention that the issues of liability and damages were split must be considered as frivolous since the arbitration panel did provide a remedy in the nature of restitution. The Court can only conclude that what plaintiff is really attempting to do is change the remedy from restitution to money damages. Since plaintiff has had at least two prior opportunities to do so, and to request interest on such an award, its present action is barred by *res judicata*.

This finding applies equally to the claims for attorney's fees and costs of litigation. Attorney's fees are "a part of the cause of action upon which recovery was previously made", Bankers Life and Casualty Co. v. Kirtley, 338 F. 2d 1006, 1011 (8th Cir. 1964), and thus are barred by *res judicata*. Similarly, if plaintiff "desired to recover [its] expenses of litigation in the prior case . . . [it was] required to assert such [claim] in that litigation." Fox v. Connecticut Fire Insurance Co., 380 F. 2d 360, 362 (10th Cir. 1967).

There remains the claim for the alleged difference between the monies returned to Humble and the monies repaid to the employees subsequent to the confirmation of the award. It is defendant's contention that the difference is due to an increase in the amount of tax required to be withheld since the time of the original disbursement of the severance allowances. Plaintiff argues that the Internal Revenue Service regulations do not require the application of the current withholding schedule. Neither party has, however, briefed the Court on the applicable law. Since this is an issue which could not have been raised in the prior proceedings, this Court will treat the claim as an action on the judgment confirming the award and continue the summary judgment motion as to this issue, pursuant to Fed.R. Civ.P. 56(f), for a period of thirty days

to allow the parties to submit papers in support of their respective positions.

To summarize the Court's decision, then, defendant's motion for summary judgment is (1) granted as to the issues of the specific amounts payable to each aggrieved employee, statutory interest, attorney's fees and costs of litigation, and (2) continued as to the issue of proper tax withholding for a period of thirty days.

Submit order in conformity herewith on five (5) days notice.