Dennis ROONEY, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee,

v.

RELIANCE INSURANCE COMPANY,
Plaintiff-In-Intervention-Appellee.

Nos. 81–4513, 81–4534.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 1982.

Decided Dec. 9, 1982.

See also, D.C., 434 F.Supp. 766.

R. Jay Engel, Engel & Babcock, San Francisco, Cal., for plaintiff-appellant.

John L. Armanino, San Francisco, Cal., argued, for defendant-appellee; Donald R. Brophy, Hanna & Brophy, San Francisco, Cal., on brief.

Before SCHROEDER, FLETCHER and NORRIS, Circuit Judges.

FLETCHER, Circuit Judge:

Plaintiff Rooney takes these two appeals from two 1981 judgments of the district court. The first denied Rooney's motion to compel payment of interest on a 1977 judgment against the defendant United States from date of entry of the 1977 judgment to date of payment of the 1977 judgment. The second denied Rooney's motion for reimbursement by Reliance Insurance Company (Reliance) for work performed by Rooney's attorneys on Reliance's behalf. We affirm both judgments.

I. *Availability of Post-Judgment Interest Under 31 U.S.C. § 724a.*

No interest is payable on a judgment against the United States except as specifically provided by statute. *United States ex rel. Angarica v. Bayard,* 127 U.S. 251, 260, 8 S.Ct. 1156, 1160–1161, 32 L.Ed. 159 (1888); *Holly v. Chasen,* 639 F.2d 795, 796–97 (D.C.Cir.), *cert. denied,* 454 U.S. 822, 102 S.Ct. 107, 70 L.Ed.2d 94 (1981); *see also United States v. Louisiana,* 446 U.S. 253, 264–65, 100 S.Ct. 1618, 1625–1626, 64 L.Ed.2d 196 (1980). Section 2411(b) of Title 28 grants interest on a judgment, like Roo-

ney's 1977 judgment, that is rendered against the United States and is based on a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1976). 28 U.S.C. § 2411(b) (1976). Section 724a of Title 31 permits the payment of certain judgments, including those like Rooney's 1977 judgment that are "payable in accordance with the terms of section 2414," from the permanent indefinite appropriation established by section 724a and thereby obviates the necessity of a private bill in Congress. 31 U.S.C. § 724a (Supp. II 1978). Interest on a judgment that is granted under 28 U.S.C. § 2411(b) may also be paid on the judgment from the permanent continuing appropriation provided by section 724a. *Id.* However, interest is payable under section 724a only for the period of time from the date of the filing of the transcript of the judgment in the General Accounting Office (GAO) to the date of issuance of the mandate of affirmance.

▮ Neither 31 U.S.C. § 724a itself nor its legislative history [1] explicitly indicates whether the Government or the plaintiff has the responsibility of filing the transcript of the judgment in the GAO. We conclude, however, that the burden properly lies with the party seeking to avail itself of the appropriation provisions of section 724a. *See United States v. Varner,* 400 F.2d 369, 372 (5th Cir.1968); *United States v. State of Maryland,* 349 F.2d 693, 694 (D.C.Cir. 1965); *cf. In re Vaillancourt v. United States,* 58 Comp.Gen. 68 (1978) (plaintiff filed transcript). To place the burden on the Government would subject the availability of plaintiff's interest under section 724a to the performance of an act by the Government directly in conflict with the Government's own financial interest. Under this allocation of the burden, the Government would reasonably be expected to file the transcript as a matter of course no earlier than the date of issuance of the mandate of affirmance. Furthermore, to establish some date of "constructive" filing of the transcript for the purposes of allowing interest, where, as here, the Government and the plaintiff each fail to file before the mandate issues, would create a procedural framework inconsistent with the expressed intent of Congress that the actual date of filing of the transcript control. Since neither the plaintiff nor the Government filed a transcript of the 1977 judgment in the GAO before the date of the mandate of affirmance, we conclude that the United States owes appellant no interest on the judgment under section 724a.[2] The district court's September 25, 1981 judgment denying interest is therefore affirmed.

II. *Preclusion of Claim for Reimbursement of Attorney's Fees.*

▮ Since in 1977 the district court conclusively decided Rooney's claim for reimbursement from Reliance, appellant is precluded, under the doctrine of res judicata, from relitigating the same issue again in the district court in 1981. In the proceeding culminating in the 1977 judgment, Roo-

1. H.R.Rept. 2638, 84th Cong., 2d Sess. 72–74 (1956) that accompanied H.R. 12138, 84th Cong., 2d Sess. (1956), in which the language regarding filing of the transcript originated, is silent on question of which party is expected to file the transcript.

2. Prior to May 4, 1977, 31 U.S.C. § 724a provided that a judgment on a claim against the United States rendered by a district court in an amount greater than $100,000.00 could not be paid under the permanent continuing appropriation of 31 U.S.C. § 724a by the Comptroller General but had to be referred to Congress and funded through a separate special appropriation act.

The Act of May 4, 1977, Pub.L. No. 95–26, Title I, ch. 14, 91 Stat. 61, 96–97, extended the applicability of § 724a to any judgment rendered by a district court regardless of the monetary size of the judgment.

Since plaintiff's judgment of $423,733.87 was here entered on October 9, 1977, 31 U.S.C. § 724a was applicable to appellant's judgment and was available to plaintiff as a convenient means of obtaining payment of the judgment itself and interest on that judgment without resorting to Congress for a special appropriation act. However, we do not read 31 U.S.C. § 724a to prohibit plaintiff from seeking judgment interest that is not funded under § 724a through the traditional route of petitioning Congress for a special appropriation act in the amount of interest due and owing under 28 U.S.C. § 2411(b).

ney requested contribution from Reliance for services performed by Rooney's attorney. The district court's denial of this request was reflected in the district court's first amended judgment entered on October 9, 1977. Rooney and Reliance were parties to and bound by the judgment. The denial was explained in the district court's opinion in the same case dated April 27, 1977, where the district court held that applicable law barred equitable apportionment of attorney's fees when each party had employed a separate attorney and held that since both Rooney and Reliance had employed separate counsel, no contribution of fees was required under the facts of the case. 434 F.Supp. 766.[3]

On this appeal, Rooney nowhere claims that his 1977 request for attorney's fees could not reasonably be construed to encompass all claims for attorney's fees arising out of the prosecution of Rooney's tort claim against the United States, including fees arising before and during trial and those incurred in defense of any ultimate judgment on appeal. Nor does he contend that, even if the 1977 request could not be so construed, all of his claims for attorney's fees do not arise from the same cause of action underlying the request for fees that was made in 1977. Furthermore, Rooney now asserts no other reason why the October 9, 1977 judgment was not a final and non-interlocutory adjudication, on the merits, of the request for reimbursement for attorney's fees for services by Rooney's attorney to obtain and defend an appeal of the October 9, 1977 judgment. Nor does he set forth any ground on which the district court could validly have treated Rooney's 1981 motion for attorney's fees as a motion

to alter or amend the 1977 judgment under Fed.R.Civ.P. 59(e) or as a motion for relief from the 1977 judgment under Fed.R.Civ.P. 60. Consequently, under well-settled principles of claim preclusion, the district court's October 9, 1977 determination of Rooney's attorney's fees for services rendered bars appellant from raising the issue again in district court in 1981.[4] *Fox v. Connecticut Fire Ins. Co.,* 380 F.2d 360, 361–63 (10th Cir.1967); *Driscoll v. Humble Oil & Refining Co.,* 60 F.R.D. 230, 234 (S.D. N.Y.1973), *aff'd mem.,* 493 F.2d 1397 (2d Cir.1974). The district court's September 23, 1981 judgment denying Rooney reimbursement is affirmed on the ground of res judicata.[5]

The judgments are AFFIRMED.

---

**3.** We express no opinion as to the correctness of these factual and legal conclusions.

**4.** A claim against an adverse party for attorney's fees incurred in the prosecution of a substantive claim is part of the same cause of action as that underlying the substantive claim. *Bankers Life and Casualty Co. v. Kirtley,* 338 F.2d 1006, 1011 (8th Cir.1964); *Driscoll v. Humble Oil & Refining Co.,* 60 F.R.D. 230, 234 (S.D.N.Y.1973), *aff'd mem.,* 493 F.2d 1397 (2d Cir.1974). Consequently, even if Rooney had not made a request for attorney's fees in 1977, his claim for reimbursement from Reliance

would have been merged into the 1977 judgment that adjudicated the substantive claims among Rooney, Reliance, and the United States.

**5.** Appellant's raising of the attorneys' fees issue for the first time before this court on this appeal cannot be construed as an appeal from the October 9, 1977 judgment, since the notice of appeal for this appeal was not filed after the 1977 judgment within the time prescribed by Fed.R.App.P. 4(a).