**Sandra L. CARDILLO, Deceased, who brings this action by her Executor, Charles D. CARDILLO, of the Estate and, Charles D. Cardillo, Individually, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**Docket No. 85–6050.**

United States Court of Appeals, Second Circuit.

Argued April 30, 1985.

Decided July 5, 1985.

Paul A. Krez, Great Neck, N.Y. (Pegalis & Wachsman, P.C., Great Neck, N.Y., James M.S. Ullman, Meriden, Conn., Clifford J. Shoemaker, Vienna, Va., of counsel) for plaintiff-appellee.

William G. Cole and Robert E. Greenspan, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

Before VAN GRAAFEILAND and PRATT, Circuit Judges, and LASKER, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

On November 15, 1984, following a nonjury trial before Judge Daly in the United States District Court for the District of Connecticut, judgment against the United States in the amount of $5 million, "plus

---

* Of the United States District Court for the South- ern District of New York, sitting by designation.

interest at the statutory rate from the date of judgment", was awarded to Charles Cardillo, individually and as executor of the estate of Sandra L. Cardillo, deceased. The judgment was based on a finding that Mrs. Cardillo's injuries and death were caused by the administration of swine flu vaccine. On November 26, 1984, the Government moved pursuant to Fed.R. Civ.P. 59(a) and (e) for a new trial or the alteration of the judgment on the ground that the judgment was incorrect as a matter of law or, in the alternative, that the court abused its discretion in assessing damages. The motion was timely because the ten-day period for filing a Rule 59 motion expired on a Sunday. *See* Fed.R. Civ.P. 6(a).

On December 28, 1984, the district court stapled to the foot of the Government's motion a typewritten statement which read:

December 28, 1984. The motion is denied except to the extent that the judgment entered by the Clerk of the Court on November 15, 1984 is amended to award interest only insofar as federal law allows.

■ The amendment was necessitated by the fact that interest against the Government on a judgment under the Federal Tort Claims Act may be paid only when the judgment becomes final after review on appeal by the Government, and then only from the date of the filing of the transcript of the judgment with the Comptroller General through the day before the date of the mandate of affirmance. *Reminga v. United States*, 695 F.2d 1000, 1002 (6th Cir. 1982), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983); *Rooney v. United States*, 694 F.2d 582 (9th Cir.1982); 31 U.S.C. § 1304(b)(1)(A), successor to 31 U.S.C. § 724a.

On January 3, 1985, the Clerk of the District Court filed an "Amended Judgment", which differed from the first in that the words "from the date of judgment" were eliminated from the provision awarding interest. It has not been explained why the Clerk decided that an amended judgment should be entered. Whatever the motivation, the filing of the amended judgment created a situation that has put the jurisdiction of this Court in doubt. On February 28, 1985, the Government filed a notice of appeal "from the Final Judgment entered in this action on January 3, 1985." On March 8, 1985, plaintiff filed a cross-appeal. The Government's appeal, which initiated the appellate process, was filed within sixty days of the entry of the Amended Judgment but not within sixty days of the district court's order of December 28, 1984. Plaintiff-appellee now moves to dismiss the appeal on the ground that the notice of appeal was not timely.

Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides in pertinent part that, if a timely motion is made under Rule 50(b), 52(b), or 59 of the Federal Rules of Civil Procedure, the time to appeal shall run from the entry of the order granting or denying the motion. The consensus seems to be that this rule is mandatory and jurisdictional and should be applied literally. *See, e.g., Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *Leishman v. Associated Wholesale Electric Co.*, 318 U.S. 203, 206, 63 S.Ct. 543, 544, 87 L.Ed. 714 (1943); *Merrill Lynch, Pierce, Fenner & Smith v. Kurtenbach*, 525 F.2d 1179, 1181 (8th Cir.1975); *but see Thompson v. I.N.S.*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964); *Stern v. Shouldice*, 706 F.2d 742, 746–47 (6th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 487, 78 L.Ed.2d 683 (1983). However, because of the unique circumstances of this case, there is a strong temptation to give appellant some relief from the time limit prescribed in Rule 4(a)(4).

We have considered the possibility of ignoring the label on the Government's November 26, 1984 motion and treating it as one to correct a mistake under Fed.R.Civ.P. 60(b)(1) so as to start the running of the time to appeal from the date of the amended judgment. *See Morgan Guaranty Trust Co. v. Third National Bank*, 545 F.2d 758, 760 (1st Cir.1976); *International Controls Corp. v. Vesco*, 556 F.2d 665, 670

(2d Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *Gila River Ranch, Inc. v. United States,* 368 F.2d 354, 357 (9th Cir.1966); 11 Wright & Miller, *Federal Practice and Procedure* § 2871 at 258 (1973). However, it is not at all clear that the district court's original direction to compute interest from the date of the judgment was a "mistake" within the meaning of Rule 60(b). *See Barrier v. Beaver,* 712 F.2d 231, 234–35 (6th Cir.1983); *Silk v. Sandoval,* 435 F.2d 1266, 1267–68 (1st Cir.), *cert. denied,* 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971); 7 Moore, *Federal Practice* ¶ 60.22[3] (2d ed. 1970).

■ Under the circumstances, we think it best to remand the matter to the district court for a determination as to whether "good cause" exists for granting an extension of time pursuant to Fed.R.App.P. 4(a)(5) so as to make the Government's notice of appeal timely. Although the Government's notice of appeal is directed to the January 3, 1985 judgment, the Government's intention to appeal from the $5 million award is clear. The district court would be warranted, therefore, in treating the appeal as having been taken from the original judgment. *Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962); *Terkildsen v. Waters,* 481 F.2d 201, 206 (2d Cir.1973); *Smith v. Atlas Off-Shore Boat Service, Inc.,* 653 F.2d 1057, 1059 n. 1 (5th Cir.1981). The district court may also deem it appropriate to treat the notice of appeal as an application for extension of time pursuant to Rule 4(a)(5). *Fearon v. Henderson,* 756 F.2d 267 (2d Cir.1985).

We remand to the district court for a determination as to whether, in the interests of justice, the Government's notice of appeal should be treated as an application for extension of time to appeal from the November 15, 1984 judgment and whether such extension should be granted. Pending a decision by the district court, jurisdiction will be retained by this panel.

Remanded.