Sandra L. CARDILLO, Deceased, by her Executor, Charles D. CARDILLO, and Charles D. Cardillo, Individually, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. N–80–40 (TFGD).

United States District Court, D. Connecticut.

Nov. 5, 1985.

---

Clifford J. Shoemaker, Vienna, Va., James M.S. Ullman, Meriden, Conn., for plaintiff.

John Hughes, Leslie Ohta, Asst. U.S. Attys., Alan H. Nevas, U.S. Atty., New Haven, Conn., Roger D. Einerson, Dept. of Justice, Civ. Div., Torts Branch, Washington, D.C., for defendant.

## RULING ON REMAND

DALY, Chief Judge.

■ The United States Court of Appeals for the Second Circuit remanded the above-captioned matter for a determination "as to whether, in the interests of justice, the Government's notice of appeal should be treated as an application for extension of time to appeal from the November 15, 1984 judgment and whether such extension should be granted." *Cardillo By Cardillo v. United States,* 767 F.2d 33, 35 (2d Cir. 1985). Consequently, the Court was asked to determine "whether 'good cause' exists for granting an extension of time pursuant to Fed.R.App.P. 4(a)(5) so as to make the Government's notice of appeal timely." 767 F.2d at 35. The Court received briefs from the parties on this issue and, finding a hearing on the matter unnecessary, the Court hereby denies as moot plaintiff's motion to expedite hearing. For the reasons set forth below, the Court finds that, in the interest of justice, the notice of appeal may be treated as a motion for extension of time, but that neither excusable neglect nor good cause exists for the granting of the motion and it is, therefore, DENIED.

For the purposes of this ruling, the Court assumes familiarity with the facts surrounding the filing of the notice of appeal as set forth by the Court of Appeals. 767 F.2d at 33, 34. In short, the notice of appeal of this case was filed by the government on February 28, 1985, within sixty days of the entry by the Clerk of the amended judgment on January 3, 1985, but not within sixty days of the December 28, 1985 filing of the order and ruling by the Court on the government's motion for a new trial or the alteration of judgment previously entered November 15, 1984.

Rule 4(a)(5), Fed.R.App.P., provides in pertinent part:

(5) The district court, *upon a showing of excusable neglect or good cause,* may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). (Emphasis added).

The motion for extension of time could thus only be granted if the Court finds excusable neglect or good cause. Rule 4(a)(4), Fed.R.App.P., clearly states that if a timely motion for a new trial or for alteration of the judgment pursuant to Rule 59, Fed.R. Civ.P., is filed, "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion." As the Court of Appeals stated: "The consensus seems to be that this rule is mandatory and jurisdictional and should be applied literal-

ly." 767 F.2d at 34. *See In re O.P.M. Leasing Services Inc.*, 769 F.2d 911, 916 (2d Cir.1985) (the timely filing of a notice of appeal is mandatory, jurisdictional and of the utmost importance) (citations omitted).

Although the Court agrees with the Court of Appeals' observation that "there is strong temptation to give appellant some relief from the time limit prescribed in Rule 4(a)(4)", *id.*, the Court believes that the government must be held to the letter of the rules. Having filed its motion for a new trial or for alteration of judgment, the government should have known the effect of that filing on its time to appeal the underlying judgment. The government claims that it was "misled, by the filing of the Amended Judgment on January 3, 1985, into believing that its appeal time would begin from that date", Defendant's Brief in Support of an Extension of Time for Filing Notice of Appeal, at 3. If any confusion was created by the entry of the amended judgment by the Clerk of the Court, the government certainly should have erred on the side of caution. If the government was confused as to when the time for appeal began to run, it could have sought clarification and, in any event, it should have attempted to meet the earlier date so as not to lose its right of appeal. Instead, the government filed its notice of appeal on the 56th day of a 60 day time period.[1]

The Court believes that the relevant case law requires this result. In its recent ruling in *In re O.P.M. Leasing Services, Inc., Debtor*, 769 F.2d 911 (Friendly, J.), the Court of Appeals for the Second Circuit affirmed the district court's denial of a motion for extension of time for filing a notice of appeal on the ground of excusable neglect. In that case, the Court of Appeals reiterated the importance of meeting filing deadlines, particularly deadlines for filing notices of appeal. The Court noted that:

> ... the requirements of FRAP 4(a)(1) and its predecessors with respect to the time for taking an appeal have long been treated as especially rigid. This rigidity

rests on the need for the prevailing party to know, at a fixed time, how the litigation stands. In order to accomplish this goal, the courts must adopt and have adopted a strict interpretation of the words 'excusable neglect' ". 769 F.2d at 916 (citations omitted).

Other cases which establish the rigidity of the deadline for filing a notice of appeal include, *inter alia, Fase v. Seafarers Welfare & Pension Plan*, 574 F.2d 72 (2d Cir. 1978); *In re Orbitec Corp.*, 520 F.2d 358 (2d Cir.1975) ("Courts should sanction deviations from the letter of [Fed.R.App.P. 3 and 4] only on the most compelling showing that [the] purposes [of these rules] are served"). *See also* Advisory Committee Notes to Fed.R.App.P. 3; Stern, Changes in Federal Appellate Rules, 41 F.R.D. 297, 298–99 (1967).

In *In re O.P.M. Leasing Services*, the district judge found that the failure of the court docket clerk to mail notice of the entry of judgment or a copy of the court's opinion affirming a ruling of a bankruptcy judge to counsel for the parties, which the court assumed for purposes of its ruling, did not constitute excusable neglect for failure to timely file a notice of appeal. 769 F.2d at 915. The Court of Appeals affirmed this ruling finding no abuse of discretion on the part of the district judge. The Court of Appeals cited *Spound v. Mohasco Indus., Inc.*, 534 F.2d 404, 410–11 (1st Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976) which in turn cited *Maryland Casualty Co. v. Conner*, 382 F.2d 13, 17 (10th Cir.1967) for the proposition that excusable neglect calls for "circumstances that are unique or extraordinary" and found that *In re O.P.M. Leasing Services* did not present such extraordinary or emergency circumstances as to require the district judge to have allowed the out-of-time filing of the notice of appeal. 769 F.2d at 918.

█ Similarly, in the instant case, the Court finds no such emergency situation which would warrant a finding of excusa-

---

1. The Court notes that the 58th and 59th days were weekend days.

ble neglect. The present case is somewhat unusual in light of the entry of the amended judgment. However, the Court cannot overlook the fact that the government was well aware that under Rule 4(a)(4), Fed.R.App.P., the time to appeal began with the Court's ruling on the motion for a new trial. As previously stated, if the entry of the amended judgment created any doubt on the part of the government, it was obliged to either seek clarification or meet the earlier date.

Although the Advisory Committee Note to Rule 4, Fed.R.App.P. indicates that a "good cause" analysis is applicable when an appellant seeks an extension prior to the expiration of the initial time to appeal and thus would not appear to be applicable here, the Court of Appeals expressly seeks a determination as to whether good cause exists. The Court thus finds that no good cause exists for the granting of the motion. Although there might appear to be certain equities which weigh in favor of the granting of a motion for extension of time, such as the amount of the judgment sought to be appealed, the importance of the underlying litigation, and the government's alleged confusion as to when the time to appeal began to run, the Court does not believe that these factors excuse the government's failure to timely file its notice of appeal or warrant an exception to the provisions of Rule 4, Fed.R.App.P. *See In re O.P.M. Leasing Services, Inc.*, 769 F.2d at 915 (affirming the denial of extension of time despite the strong equities in favor of the application).

For the foregoing reasons, the Court treats the government's notice of appeal filed February 28, 1985 as a motion for extension of time in which to file a notice of appeal, but finds neither excusable neglect nor good cause for granting the motion which is, therefore, denied.