Monroe DOSS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 81–1155.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 18, 1981.

Decided Sept. 23, 1981.

Rehearing Denied Oct. 23, 1981.

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

Martin T. Sigillito, Fairview Heights, Ill., for appellant.

Robert D. Kingsland, U. S. Atty., Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Plaintiff brought this suit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671–80. On June 27, 1979, the district court awarded Doss $95,000 and allowed his counsel to take $17,000 out of the award as

attorney's fees, 476 F.Supp. 630. This court, in an unpublished opinion dated June 13, 1980, 8th Cir., 624 F.2d 1109, remanded the damages issue and directed the district court to separately specify the awards for lost earnings, pain and suffering, and physical injury.

The district court, set a date to hear additional evidence on the issue, but neither party presented evidence. On December 18, 1980, the court, entered judgment for plaintiff in the amount of $291,500 and allowed $30,000 as attorney's fees. The court specified that $100,000 was for pain and suffering, $100,000 for physical injuries, and $91,500 for loss of earnings, 507 F.Supp. 29.

On this appeal, the appellant raises three issues: (1) the prejudice of the trial court; (2) the sufficiency of the damage award; and (3) the adequacy of the attorney's fees.

■ Plaintiff complains that the award of $291,500 is inadequate based upon the entire record. We cannot say that the trial court abused its discretion in making this award. The amount of the award lies within a reasonable range of compensatory damages that a trier of fact could find for the injuries and pain and suffering incurred. The amount of the award is not clearly erroneous. *See Howard v. Green*, 555 F.2d 178, 182–83 (8th Cir. 1977). Additionally, we find no merit in plaintiff's claim of prejudice of the trial court. Prejudice must be proved with evidence other than rulings in the case at issue. *Berger v. United States*, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481 (1921); *Hanger v. United States*, 398 F.2d 91, 101 (8th Cir. 1968), *cert. denied*, 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969). Statements which criticize a litigant are not sufficient evidence of bias. *United States v. Azhocar*, 581 F.2d 735, 739–40 (9th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979); *see also Pfizer Inc. v. Lord*, 456 F.2d 532, 537–40 (8th Cir.), *cert. denied*, 406 U.S. 976, 92 S.Ct. 2411, 32 L.Ed.2d 676 (1972).

■ This court does find, in view of the fact that there has been an initial trial and

a second proceeding in the district court, as well as two appeals, that a more appropriate attorney's fee would be in the sum of $45,000. The cause is remanded to the district court to amend the judgment for attorney's fees accordingly. We note that plaintiff's counsel has filed a printed brief in this matter and has thereby incurred unnecessary expenses. In view of the fact that this appeal could have proceeded by filing a typewritten brief, as the government did, we assess no costs on appeal against the United States, and the order shall reflect that each party shall pay its own costs. The court also finds that the cost of the printed brief, as well as the other costs of plaintiff on appeal, shall be paid from the award of attorney's fees.

The judgment of the district court is affirmed in all respects, with the exception of the amount awarded as attorney's fees; the award of attorney's fees is vacated, and the district court is directed to enter a judgment of $45,000 for such fee, less costs of the appellant on appeal. The cause is remanded to the district court to amend its judgment accordingly.