Donald E. CASSIS, Petitioner,

v.

J. Lynn HELMS, Administrator, Federal Aviation Administration, et al., Respondents.

No. 83–3226.

United States Court of Appeals, Sixth Circuit.

Argued May 3, 1984.

Decided June 19, 1984.

William H. Poland (argued), Poland & Poland, Clarksville, Tenn., for petitioner.

Gerald Turner, F.A.A., Washington, D.C., Darlene M. Freeman (argued), Fritz Puls, Gen. Counsel, Nat. Transp. Safety Bd., Washington, D.C., for respondents.

Before CONTIE and WELLFORD, Circuit Judges, and TIMBERS, Senior Circuit Judge.*

CONTIE, Circuit Judge.

Donald Cassis appeals from a National Transportation Safety Board (Board) order revoking his commercial pilot license for one year on the ground that Cassis intentionally made materially false statements in a pilot logbook presented to the Federal Aviation Administration (FAA) in connection with an application for an airline transport pilot (ATP) certificate. This court has jurisdiction pursuant to 49 U.S.C. § 1486(a). For the reasons set forth below, we affirm.

## I.

Federal law requires an applicant for an ATP certificate to demonstrate that he has accumulated 1500 hours of flight experience. 14 C.F.R. § 61.155(b)(2). An applicant may use his pilot logbook in order to prove that he has satisfied this standard. The record reflects that although Cassis' logbook contained enough accurate entries to fulfill the 1500 hour requirement when the logbook was submitted to the FAA, the logbook also contained false entries for an additional 150 hours of flight time. Cassis knowingly made the false statements in order to enhance his employment prospects.

On August 18, 1981, the FAA ruled that the appellant had violated 14 C.F.R. § 61.-59(a)(2) and revoked his license for one year. Cassis administratively appealed pursuant to 49 U.S.C. § 1429. An administrative law judge (ALJ) subsequently held that since the appellant actually had satisfied the 1500 hour requirement, the false entries were not material. The ALJ also ruled that the false statements had not been made with the intent to deceive the FAA and had not been relied upon by the FAA. The ALJ concluded that Cassis had not violated § 61.59(a)(2).

The FAA then appealed to the Board, which held that although Cassis had not committed fraud, he was guilty of intentional falsification. The Board reasoned that the false entries were material because: (1) each entry could have influenced the FAA inspector to find that the 1500 hour requirement had been satisfied and (2) Cassis' logbook is a permanent record of flight experience that may be used to demonstrate compliance with other FAA requirements. The Board upheld the license revocation. On this appeal, Cassis argues that the false statements were immaterial and that 14 C.F.R. § 61.59(a)(2) is unconstitutionally vague.

Title 14 C.F.R. § 61.59(a)(2) reads: No person may make or cause to be made—

(2) Any fraudulent or intentionally false entry in any logbook, record, or report that is required to be kept, made, or used, to show compliance with any requirement for the issuance, or exercise of the privileges, or any certificate or rating under this part.

Fraud and intentional falsification are distinct concepts for purposes of this regulation. Intentional falsification consists of a knowing misrepresentation of a material fact. *Hart v. McLucas*, 535 F.2d 516, 519 (9th Cir.1976). Fraud requires proof of the additional elements of intent to deceive and reliance upon the misrepresentation. *Id.* Since the Board accepted the ALJ's finding that Cassis did not commit fraud, discussion about whether Cassis intended to deceive the FAA, or about whether the FAA relied upon the false entries, is irrelevant on this appeal. The sole issue before this court is whether the appellant's conduct constitutes intentional falsification.

Since Cassis admitted in testimony before the ALJ that he knowingly made false statements in his logbook, two of the three elements of intentional falsification have been established. The result in this case depends, therefore, upon whether the misrepresentations were material. To support his argument that the false entries were immaterial, Cassis relies upon *Administra-*

---

* The Honorable William H. Timbers, Senior Judge, United States Court of Appeals for the  Second Circuit, sitting by designation.

*tor v. Niolet,* EA–1480 (NTSB, filed September 9, 1980). In *Niolet,* false entries in a logbook were held to be material in circumstances where the 1500 hour requirement could not be fulfilled if the false entries were discounted. Cassis contends that the *Niolet* case limits the concept of materiality to situations in which false statements are indispensable in satisfying the 1500 hour standard. Since Cassis actually had 1500 hours of flight experience when he submitted his logbook for inspection, he argues that the false entries were immaterial.

■ We do not agree with Cassis that *Niolet* so limited the scope of the term "material." The *Niolet* decision merely found a § 61.59(a)(2) violation on the facts of that case. The opinion did not address the fact situation presented here and did not purport to restrict the concept of materiality to situations in which false logbook entries are strictly necessary or indispensable to finding that the 1500 hour requirement has been satisfied. Instead, we agree with the FAA that the test is whether the false statements had the natural tendency to influence, or were capable of influencing, the decision of the FAA inspector to whom the logbook was submitted. *See Poulos v. United States,* 387 F.2d 4, 6 (10th Cir.1968); *cf. United States v. Lazaros,* 480 F.2d 174, 177 (6th Cir.1973), *cert. denied,* 415 U.S. 914, 94 S.Ct. 1409, 39 L.Ed.2d 468 (1974) (false testimony). Since Cassis did not inform the FAA inspector of which logbook entries were accurate and which were false, the false entries were capable of influencing the ultimate decision about whether the appellant had 1500 hours of flight experience. The misrepresentations were material for purposes of § 61.59(a)(2).

■ Moreover, the Board correctly held that the false entries were material because it left intact, they could be used by the appellant to show compliance with other FAA requirements beyond those needed for the ATP certificate. Since the logbook in question is a permanent and cumulative record of the appellant's flight experience, it may be consulted when Cassis seeks to demonstrate compliance with other FAA

flight experience requirements. The FAA, of course, is charged with promoting aviation safety. *See* 49 U.S.C. § 1421(a). The FAA cannot meet this responsibility unless pilot logbooks are free of knowing misrepresentations of fact. We conclude that the false entries were material and that the appellant violated § 61.59(a)(2).

■ The appellant also contends that § 61.59(a)(2) is unconstitutionally vague. This argument is meritless. The plain language of the regulation clearly informs persons of the proscription against making fraudulent or intentionally false statements in pilot logbooks. The regulation certainly is not "so vague that a person exercising common sense could not sufficiently understand and fulfill its prescription." *Cf. Reminga v. United States,* 695 F.2d 1000, 1005 (6th Cir.1982), *cert. denied,* 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983) (vagueness standard for non-criminal statutes). That the courts have engrafted onto § 61.59(a)(2) a requirement that misrepresentations be material does not render the provision vague. Indeed, the materiality requirement benefits persons like Cassis because the requirement limits the otherwise permissible reach of the regulation.

The decision of the National Transportation Safety Board is AFFIRMED.