**FIRST NORTHWESTERN TRUST COMPANY, SOUTH DAKOTA, as administrator of the Estate of Louis M. Altringer, deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV 83–5019.**

United States District Court, D. South Dakota, W.D.

April 22, 1988.

Martin P. Farrell, Patrick M. Ginsbach, Farrell, Farrell & Ginsbach, Hot Springs, S.D., for plaintiff.

Ted L. McBride, Asst. U.S. Atty., Rapid City, S.D., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

BOGUE, Senior District Judge.

On April 18, 1988, a hearing was held on Plaintiff's counsel's motion for attorney fees in this action. Counsel seek 25% of the total amount of the $1,000,000 judgment awarded Plaintiff and paid by De-

fendant. Plaintiff's counsel also moved that Plaintiff pay 5.5% sales tax on the attorney fees and that Plaintiff pay interest on the attorney fee from the date payment of the judgment was received to the date counsel are paid their attorney fee. Plaintiff's counsel also moved that Plaintiff pay their costs and expenses of $13,554.04.

On behalf of their motion Plaintiff's counsel argue that this Court has no authority or responsibility to supervise their fee as long as it does not exceed 25% of the judgment. To support their position, Plaintiff's counsel cite the legislative history of 28 U.S.C. § 2678 and its application in *Robak v. United States*, 658 F.2d 471 (7th Cir.1981) and *Frazier v. United States*, 550 F.Supp. 203 (W.D.Okl.1982), among other cases.

■ This Court notes the legislative history but is persuaded by the numerous other courts which have concluded that supervision of attorney fees is within a trial court's reasonable discretion. *See e.g., Wyatt v. United States*, 783 F.2d 45, 50 (6th Cir.1986). Further, the Federal Tort Claims Act should be construed liberally to protect the claimant, not the claimant's attorney.

This Court is also persuaded by the Eighth Circuit Court of Appeals apparent approval of a district court's involvement in the setting of attorney fees under 28 U.S.C. § 2678 rather than presuming an automatic entitlement pursuant to a contingency agreement, as long as it does not exceed the statutory limit. *Doss v. United States*, 659 F.2d 863, 865 (1981).

■ In its review of counsel's submissions, the Court is guided by the standard of a reasonable fee. This standard has been critically examined by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed. 2d 40 (1983). Although *Hensley* does not involve a contingency fee agreement, it establishes guidelines for courts in setting fees. A reasonable fee is determined by starting with the "lodestar figure", the number of hours reasonably expended multiplied by the reasonable hourly rate. An adjustment of that figure must be ex-

plained clearly. *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); *Pennsylvania v. Delaware Citizens' Council*, — U.S. —, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987).

■ Plaintiff's counsel submitted evidence that they expended 1,746 hours preparing and litigating this case. The Court finds that these hours were reasonably expended.

Plaintiff's counsel ask for $250,000 in attorney fees, which works out to $143.18+ per hour. The Court finds that hourly rate is reasonable in light of the prevailing rate in the locality for this type of case and for an attorney of Mr. Farrell's reputation and expertise and in light of the obvious good work of the attorneys assisting him. Even if this Court determined that a reasonable hourly rate were less, there is ample evidence in the record which would justify enhancement of the lodestar.

■ The Court finds that South Dakota law allows the legal service provider to pass on sales tax to his customer, although the responsibility for paying the tax is on the legal service provider. SDCL 10–45–22, –27, and –34. The Court finds that Rosemary M. Altringer signed a contingency fee contract with Mr. Farrell in which she agreed to pay South Dakota sales tax. Plaintiff's counsel is also asking that Plaintiff pay municipal sales tax, for a total tax of 5.5% on the $250,000 attorney fee, which equals $13,750. The Court notes that Defendant and Ms. Altringer have not objected to counsel's motion that Plaintiff pay both taxes. The Court finds that it is reasonable to order Plaintiff to pay 5.5% sales tax on the award of $250,000 attorney fee.

■ Plaintiff's counsel's request for interest on the attorney fee is denied. Counsel cites no authority for this motion and the Court knows of none.

■ Counsel's motion for costs and expenses of $13,554.04 is not opposed. The Court notes Ms. Altringer, in the contingency fee contract, agreed to bear the costs of this lawsuit. There is no authority to guide the Court on the question whether

costs and expenses are subtracted from the judgment before or after determining if 28 U.S.C. § 2678's 25% attorney fee cap is complied with. Defendant does not oppose subtracting the attorney fee first. The Court finds that it is reasonable and does not violate the statute to award counsel $250,000 attorney fee plus $13,554.04 in costs and expenses.

Based on the foregoing findings, the Court concludes that Plaintiff should pay counsel attorney fees of $250,000; that Plaintiff should pay counsel sales tax on the attorney fee of $13,750; that Plaintiff should not pay interest on the attorney fee; and that Plaintiff should pay counsel costs and expenses of $13,554.04.