

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARASH ALEX ABBASSI, an individual, | No.   17-71968 |
| Petitioner, | NTSB-1 No. SE-30147 |
| v. | |
| NATIONAL TRANSPORTATION SAFETY BOARD and MICHAEL P. HUERTA, Administrator, Federal Aviation Administration, | MEMORANDUM[*] |
| Respondents. | |

On Petition for Review of an Order of the
National Transportation Safety Board

Submitted August 29, 2018[**]
Pasadena, California

Before:  WARDLAW, BYBEE, and IKUTA, Circuit Judges.

Arash Alex Abbassi appeals a final order of the National Transportation and

Safety Board (NTSB) revoking his pilot and flight instructor certificates for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

making intentionally false statements in records used to show compliance with aviation certification requirements, in violation of 14 C.F.R. § 61.59(a)(2). We have jurisdiction under 49 U.S.C. § 1153(a).

The NTSB did not abuse its discretion in concluding that Abbassi's stamped entries in his student's logbook (falsely certifying the student's flight training) were material. The NTSB's conclusion that the stamped entries "had the natural tendency to influence, or [were] capable of influencing" the Federal Aviation Administration (FAA), *Janka v. Dep't of Transp.*, 925 F.2d 1147, 1150 (9th Cir. 1991) (quoting *Cassis v. Helms*, 737 F.2d 545, 547 (6th Cir. 1984)), was supported by substantial evidence, including the testimony of FAA expert witness David Voelker. Given Voelker's testimony that the NTSB could rely on such false entries for future decisions, as well as evidence that Abbassi had routinely used such stamped signatures at his flight school, the NTSB could reasonably conclude that the stamped entries were material despite the lack of direct evidence that the FAA authorized the use of stamped signatures.[1]

---

[1] The ALJ did not abuse his discretion by excluding the FAA advisory circular on electronic signatures because it was irrelevant to Abbassi's dispute regarding the FAA's acceptance of stamped signatures. *See Atlantic-Pacific Const. Co., Inc. v. NLRB*, 52 F.3d 260, 263 (9th Cir. 1995) (setting forth the abuse of discretion standard of review).

Further, the NTSB did not abuse its discretion in concluding that Abbassi's hand-signed entry (falsely certifying the student's aeronautical knowledge and ground training) was material. That finding was also supported by substantial evidence in the record, including Voelker's testimony that the FAA could rely on the false entry for future decisions. Additionally, Abbassi's claim that his student had received the relevant ground training from someone else is not relevant, as it would not have made the endorsement less likely to influence the FAA, and thus would not have made Abbassi's endorsement less material. *See Janka*, 925 F.2d at 1150.

**AFFIRMED.**