**Patti S. DeLUCCA, et al.,**
**Plaintiff-Appellee,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

**No. 81–5011.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1982.

Decided March 1, 1982.

Marleigh Dover Lang, Washington, D. C., argued, for defendant-appellant; Freddi Lipstein, Michael Walsh, Eloise E. Davies, Thomas S. Martin, Washington, D. C., on brief.

Richard B. Goethals, Jr., San Francisco, Cal., argued, for plaintiff-appellee; Bruce Walkup, Walkup, Downing, Shelby, Bastian, Melodia, Kelly & O'Reilly, San Francisco, Cal., on brief.

Before SKOPIL and SCHROEDER, Circuit Judges, and EAST* District Judge.

SKOPIL, Circuit Judge:

In an award of damages in an FTCA case, the United States challenges (1) the addition to the lump sum award of an

---

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

amount to compensate for taxes on income that will be earned by investing the award; and (2) the time period governing the award of post-judgment interest. We affirm on the first issue and modify the judgment on the second issue to conform to statute.

## I.

The United States conceded liability in the death of plaintiff's decedent. The court below awarded the wife of the deceased $483,380 for loss of her husband's earnings and support. This amount was calculated as follows:

| | |
|---|---|
| Projected earnings for 1980 | $21,468 |
| Less federal income tax | −3,099 |
| Less state income tax | −1,073 |
| After tax income | $17,296 |
| Less 30% for decedent's consumption | −5,189 |
| Annual Loss of Support | $12,107 |

The court then found that the rate of wage increases and the discount factor would "essentially balance off each other," so it simply multiplied the $12,107 by 30.5 (the expected work life of the deceased). The award for loss of support came to $369,263.50. To this the court added $21,793 (loss of support from accident to date of trial) for a total of $391,056.50.

The district court then added an amount to compensate for income taxes on the investment earnings of the lump sum award. It is this part of the calculation the government challenges. The district court stated:

Since it is assumed that plaintiff wife will invest her award, a full compensation for loss of future support should also take into account the fact that income taxes must be paid on her investment earnings. *Norfolk and Western Ry. Co. v. Liepelt,* [444 U.S. 490] 100 S.Ct. 755 [62 L.Ed.2d 689] (February 1980). *Cf. Sauers v. Alaska Barge,* 600 F.2d 238, 247 (9th Cir. 1979). To provide plaintiff wife an income of $12,107.00 after paying state and federal income taxes reasonably approximated at a 20% effective rate, she must be given $15,134.00 ($15,134.00 × 80% = $12,107.00). To compensate for loss of support over 30.5 years, she should therefore receive $461,587.00 (30.5 × $15,-134.00) as the present value of loss of support.

The total loss of support to plaintiff was therefore increased to $483,380.00 and judgment was entered accordingly.

The district court provided for interest on the total damage award at 4% per annum "from the date of judgment November 4, 1980, until this judgment is satisfied."

## II.

The issues presented on appeal are:

(1) whether the district court erred in adding to the lump sum damage award an amount to compensate for taxes on income that will be earned by investing the award; and

(2) whether the district court erred in specifying that post-judgment interest must be paid beginning on the date of entry of the judgment until the judgment is satisfied.

## III.

■ Damages to be awarded under the Federal Tort Claims Act ("FTCA") are governed by the law of the place of the wrongful act, but are limited to compensatory damages. 28 U.S.C. § 2674. California law, applicable in this case, also limits damages to compensatory damages. *In re Paris Air Crash,* 622 F.2d 1315 (9th Cir.), *cert. denied,* 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980); *Cal.Civ.Proc.Code* § 377.

In *United States v. English,* 521 F.2d 63 (9th Cir. 1975), this court set specific guidelines for calculating wrongful death damages under the FTCA: (1) calculate the future earnings the decedent could have expected over his life work expectancy; (2) deduct taxes and other amounts the decedent would or could not have contributed; and (3) discount this amount to its present value. *Id.* at 76.

In *Sauers v. Alaska Barge,* 600 F.2d 238 (9th Cir. 1979), the plaintiff argued that the district court erred in "failing to increase the lump sum awarded to account for the fact that the interest earned when that sum

is invested would be taxable." *Id.* at 247. The *Sauers* court rejected this contention. The court stated that

"[m]athematically, the plaintiff is right. Had the judgment called for the defendant to make deferred payments rather than a lump sum award, the funding of such an award would have required either an investment large enough to allow for any income tax on the interest yield of the fund or management of the investment in a manner that would either eliminate, or compensate for, the income tax on its yield."

*Id.* The court, notwithstanding the mathematical correctness of the plaintiff's argument, held that the plaintiff was not entitled to this increasing factor.

Shortly thereafter, the Supreme Court indicated that this tax on the income generated by the lump sum award should be included in the calculation. *Norfolk and Western Ry. Co. v. Liepelt,* 444 U.S. 490, 495, 100 S.Ct. 755, 758, 62 L.Ed.2d 689 (1980). In *Liepelt,* the plaintiff had contended that the decedent's income taxes on his future earnings should not be deducted from the lump sum award. The court rejected this contention and noted that since the income taxes on the decedent's future earnings should be deducted, properly offered estimates of the income taxes on the earnings generated by the lump sum damage award should correspondingly be added:

"Logically, it would certainly seem correct that [the income to be earned by the damage award] should be estimated on an after-tax basis. But the fact that such an after-tax estimate, if offered in proper form, would also be admissible does not persuade us that it is wrong to use after-tax figures instead of gross earnings in projecting what the decedent's financial contributions to his survivors would have been had this tragic accident not occurred."

*Id.* This statement by the Supreme Court indicates that the Court finds that a lump sum damage award should be increased by the amount of income tax that would have to be paid on the earnings of the award.

After *Liepelt,* this Circuit again addressed the identical issue in *Hollinger v. United States,* 651 F.2d 636 (9th Cir. 1981). This court, in remanding for a recalculation of damages, followed *Liepelt* and required the district court to adjust the lump sum award for the income taxes on the income generated by the award:

"The interest that Hollinger will earn on the discounted principal in a safe investment, however, will also be taxable. The effective interest rate for an investor is equal to the stated interest rate reduced by the product of the stated interest rate and the investor's tax rate. The principal amount necessary to produce a given after tax yield per month is the principal amount that would be necessary to produce that amount if there were no tax divided by the percentage of his income that the investor retains after taxes. Thus an award of $600,000, not taking the tax on interest into effect, would be increased to $1,000,000 for a 40% tax bracket recipient. Clearly, then, the possible adjustments involved in taking this aspect of taxes into account are significant. Although we have found no cases in our court where such a calculation was made, other courts have properly made such an adjustment. *McWeeney v. New York, N. H. & H. R. R. Co.,* 282 F.2d 34, 37 (2d Cir. 1960). This Supreme Court has also recently suggested that the tax on the discounted principal might properly be considered. *Norfolk & Western Ry. Co. v. Liepelt,* 444 U.S. 490, 495 [100 S.Ct. 755, 758, 62 L.Ed.2d 689] (1980)."

*Id.* at 642.

The government argues that the statement in *Liepelt* was dicta, and therefore is not controlling on this court. However, the *Liepelt* statement gives a clear indication of how the Supreme Court feels damage awards should be calculated. Even if the statement was not essential to its decision in *Liepelt,* the direction given by the Supreme Court should be followed by this Circuit. This Circuit in *Hollinger* expressly considered the *Liepelt* statement and followed it.

The government offers some calculations to show that even if plaintiff was awarded the amount of lost earnings *without* the addition of the disputed tax factor, this amount invested at 7% would yield $27,000 the first year. Since the plaintiff lost only $12,000 this year, the government thus claims that even with this smaller award the plaintiff would be awarded more than her annual loss of support. This calculation is misleading and erroneous. The government neglects to explain that the lump sum award has been discounted to present value, which means that a large portion of her earnings in the early years must be reinvested in order to generate enough income in the later years to keep up with the inflation and wage increases that will have occurred.

The government argues that the possibility of the plaintiff investing the award in tax-free bonds negates the addition of a factor for income taxes on the earnings generated by the award. However, the district court, to discount the award to present value, assumed that plaintiff would invest her award in a secure investment. Tax-free bonds, yield a lower interest rate than other secure investments available in the market, and thus are most advantageous to persons in a high tax bracket because the higher the tax bracket the more the savings in taxes. An awardee not in a high tax bracket who invested in tax-free bonds would receive less of a return than if he invested in a secure taxable investment, and thus the return would fail to be sufficient to yield the yearly amounts determined by the district court before discounting to present value. The district courts should not be prevented from estimating the effects of taxes of earning from awards simply because the method plaintiff will use to invest her award is speculative; "so are most predictions courts make about future incomes [and] expenses." *United States v. English, supra* at 75. There was sufficient expert testimony about the effect of taxes and tax-free investments on the plaintiff's award such that the district court's finding cannot be said to be clearly erroneous. In this situation, where investment in tax-free bonds would not be advantageous, the possi-bility that plaintiff would invest in tax-free bonds is low and should not negate the increase of her award for the amount of income taxes on the earnings generated.

In light of the direction given by the Supreme Court in *Liepelt*, and followed by this Circuit in *Hollinger*, we affirm the district court.

## IV.

Interest is only recoverable against the United States when specifically provided for by statute. *Oakley v. United States*, 622 F.2d 447, 448 (9th Cir. 1980). 28 U.S.C. § 2411(b) provides that

> "on all final judgments rendered against the United States in actions instituted under section 1346 of this title [FTCA], interest shall be computed at the rate of 4% per centum per annum from the date of the judgment up to, but not exceeding, thirty days after the date of approval of any appropriation Act providing for payment of the judgment."

The district court awarded interest pursuant to section 2411(b), "at 4% per annum from the date of judgment November 4, 1980, until this judgment is satisfied."

The government argues that 31 U.S.C. § 724a overrides the general authorization contained in 28 U.S.C. § 2411(b). Section 724a is a general appropriation act for payment of final judgments, awards and compromise settlements against the United States. It states

> "[t]hat, interest on a judgment of a district court to which the provisions of section 2411(b) of Title 28 apply, payable from this appropriation, shall be paid only when such judgment becomes final after review on appeal or petition by the United States, and then only from the date of the filing of the transcript thereof in the General Accounting Office to the date of the mandate of affirmance...."

31 U.S.C. § 724a clearly overrides § 2411(b), and applies to this case. The differing language regarding interest and appropriation acts in § 2411(b) is vestigial, remaining from pre-1977, when § 724a only applied to judgments less than $100,000. Before 1977, "an individual who recover[ed]

[an amount in excess of $100,000] must await a special appropriation, during which period interest accumulates" pursuant to 28 U.S.C. § 2411(b). *United States v. Maryland*, 349 F.2d 693, 695 (D.C.Cir.1965). With the 1977 amendments to § 724a removing the $100,000 limitation, the provision regarding interest in § 724a completely overrides the contrary provision in § 2411(b).

Therefore, the district court's portion of the judgment concerning interest must be modified to conform with 31 U.S.C. § 724a.

## V.

We affirm the district court as to its calculation of the total damage award utilizing a consideration for income taxes on the investment income of the damage award. The district court's provision for post-judgment interest on the award is modified to provide for interest only from the date of filing of the transcript in the General Accounting Office to the date of the issuance of the mandate of affirmance.

AFFIRMED AS MODIFIED.