Raymond L. **FRAZIER**, Plaintiff,

v.

**UNITED STATES of America**, Defendant.

No. CIV–81–365–D.

United States District Court, W.D. Oklahoma.

March 15, 1982.

John B. Combs, Edmond, Okl., Bert A. Richard, Jr., Guthrie, Okl., for plaintiff.

Larry D. Patton, U.S. Atty., Oklahoma City, Okl., Paul Richards, Asst. U.S. Atty., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

The attorneys for the Plaintiff have filed their Application to Set Attorneys Fee following a compromise settlement of this action. This action was filed under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiff's attorneys assert that the provisions of the Act require the Court to set attorneys' fees. The Court disagrees and declines to set said fees at this time.

Prior to the effective date of the 1966 amendments to the Federal Tort Claims Act, Section 2678 provided that a Court rendering a judgment for the Plaintiff or an agency agreeing to settle with a claimant "may," as a part of the judgment or settlement, determine and allow reasonable attorney's fees up to certain maximum amounts. However, Section 2678 was amended in 1966 by Pub.L. 89–506. The Senate Committee report commented on this change as follows:

> Section 4, as amended, raises the limitations concerning attorneys fees in the first paragraph of section 2678 from 10 to 20 percent for administrative settlements, and from 20 to 25 percent for fees in cases after suit is filed. The language of the committee amendment merely places a limit on fees and removes from the section the requirement of agency or court allowance of the amount of attorneys fees. The actual amount of attorneys fees within the statutory limits, therefore, is made a matter for determination between the litigant and his attorney.

S.Rep. No. 1327, 89th Cong., 2d Sess. (1966), *reprinted in* 1966 U.S.Code Cong. & Adm. News 2515, at 2521.

Clearly, under the current version of Section 2678, the successful plaintiff has no automatic right to have attorney's fees set

**204**

by the Court. The applicants have stated no special reason for Court involvement in the setting of attorneys' fees in the instant case, and the Court finds none at this time. Of the few reported cases under the new version of Section 2678, the two cases in which the reasons for Court involvement are discussed show that special circumstances obtained therein, *Pollard v. United States,* 69 F.R.D. 646 (D.C.Ala.1976) (protection of class members in class action); *Jaslow v. United States,* 308 F.Supp. 1164 (D.C. N.Y.1970) (inadequate fee to be split among three sets of attorneys).

The Court concludes that the Application should be denied at this time.