Gertrude REMINGA, Executrix of the Estate of Thomas H. Reminga, Deceased, and Barbara Sue Breeden, Executrix of the Estate of James Robert Breeden, Deceased, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 81–1716.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 22, 1982.

Decided Dec. 16, 1982.

Certiorari Denied April 18, 1983. See 103 S.Ct. 1778.

See also, 631 F.2d 449, 448 F.Supp. 445.

Russell H. Volkema, Hans Scherner, Columbus, Ohio, Richard Walsh, Kalamazoo, Mich., for plaintiffs-appellants.

Robert C. Greene, U.S. Atty., Grand Rapids, Mich., Barbara B. O'Malley, Washington, D.C., for defendant-appellee.

Before KENNEDY and WELLFORD, Circuit Judges, and CECIL, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

Plaintiffs-appellants appeal the denial of interest on their judgments against the United States of America rendered under the Federal Tort Claims Act [28 U.S.C. §§ 1346(b), 2411(b); 31 U.S.C. § 724a]. The United States District Court for the Western District of Michigan held that appellants' failure to file a transcript of the judgments with the General Accounting Office (GAO) barred their recovery of interest. We affirm.

On January 19, 1978, appellants were awarded judgments against the United States under the FTCA for the wrongful deaths of their husbands. The judgments were affirmed by this Court on October 2, 1980 in the total sum of $701,151.00, with interest from the date of judgments and costs.[1] *Reminga v. United States,* 448 F.Supp. 445 (W.D.Mich.1978), *aff'd,* 631 F.2d 449 (6th Cir.1980). After time for appeal to the Supreme Court had expired, counsel for appellants demanded payment from the Justice Department and was informed that certification for payment would be made by the Attorney General and transmitted to the General Accounting Office pursuant to 28 U.S.C. § 2414.[2]

The certification was transmitted to the GAO under cover letter dated March 16, 1981. It requested payment to be disbursed as set forth in footnote 1, and noted that costs had yet to be assessed against the United States. On May 5, 1981, appellants received checks covering only the principal due under the judgments. The government refused and still refuses to pay the interest awarded, asserting that appellants' failure to file a transcript of the judgments with the GAO bars their recovery of post-judgment interest.

Appellants moved for an order from the District Court requiring the government to pay interest on the judgments from January 19, 1978 (date judgments were entered) through May 5, 1981 (date principal was received) in the amount of $137,308.18, plus interest at the rate of 6% per year on that sum which will accrue from May 5, 1981 to the date of payment. Appellants' motion was denied in the order which they now appeal.

## 1. Statutory Provisions

■ Interest is recoverable against the United States only when specifically provided for by statute. *United States v. Goltra,* 312 U.S. 203, 207, 61 S.Ct. 487, 490, 85 L.Ed. 776 (1941); *DeLucca v. United States,* 670 F.2d 843, 846 (9th Cir.1982); *Bituminous Casualty Corp. v. Lynn,* 503 F.2d 636, 643 (6th Cir.1974); *Gray v. Dukedom Bank,* 216 F.2d 108, 110 (6th Cir.1954). The FTCA, 28 U.S.C. § 2411(b), authorizes payment of interest by the United States on judgments entered against it. In pertinent part it provides:

(b) Except as otherwise provided in subsection (a) of this section, on all final judgments rendered against the United States in actions instituted under section 1346 of this title, interest shall be computed at the rate of 4 per centum per annum from the date of the judgment up

---

1.  Gertrude Reminga:      $280,226.00  with interest from date of judgment plus costs
    Barbara Sue Breeden:   $377,925.00  with interest from date of judgment plus costs
    Susan Reminga:         $ 14,000.00  with interest from date of judgment
    Marjorie Breeden:      $  8,000.00  with interest from date of judgment
                           $701,151.00

---

2.  28 U.S.C. § 2414 provides in pertinent part: Payment of final judgments rendered by a State or foreign court or tribunal against the United States, or against its agencies or officials upon obligations or liabilities of the United States, shall be made on settlements by the General Accounting Office after certification by the Attorney General that it is in the interest of the United States to pay the same.

to, but not exceeding, thirty days after the date of approval of any appropriation Act providing for payment of the judgment.

█ It is well settled that implicit in the power of Congress to waive sovereign immunity, and to subject the United States to liability for interest accrued on adverse judgments, is the authority to prescribe the terms and conditions under which the United States agrees to be liable. *United States v. New York Rayon Importing Co.,* 329 U.S. 654, 659, 67 S.Ct. 601, 603, 91 L.Ed. 577 (1947); *United States v. Thayer-West Point Hotel Co.,* 329 U.S. 585, 588–590, 67 S.Ct. 398, 399–400, 91 L.Ed. 521 (1947). See also *Tillson v. United States,* 100 U.S. 43, 46–47, 25 L.Ed. 543 (1879); *United States v. Dansby,* 509 F.Supp. 188, 195 (D.C.Ohio 1981). Thus, the government argues that section 2411(b) must be read in conjunction with 31 U.S.C. § 724a. Section 724a is a permanent indefinite appropriations act for payment of interest on final judgments entered against the United States where claimant's payment was delayed solely because the United States appealed and lost. It states in pertinent part

[t]hat interest on a judgment of a district court to which the provisions of section 2411(b) of Title 28 apply, payable from this appropriation, shall be paid only when such judgment becomes final after review on appeal or petition by the United States, *and then only from the date of the filing of the transcript thereof in the General Accounting Office* to the date of the mandate of affirmance .... (emphasis added).

The federal interest statute is to be construed and applied according to its own purpose and meaning. *Cleary v. Chalk,* 488 F.2d 1315, 1322 (D.C.Cir.1973); *United States v. State of Maryland for the Use of Meyer,* 349 F.2d 693, 695 (D.C.Cir.1965); *cf., Lynn,* 503 F.2d at 641 (statute interpreted consistently with its legislative history). The primary purpose of § 724a was to provide for prompt payment of judgments and thereby to eliminate or reduce the costs of interest to the government. *United States v. Varner,* 400 F.2d 369, 372 (5th Cir.1968), citing *Chicago, Rock Island and Pacific R.R. Co. v. United States,* 206 F.Supp. 795 (S.D. Iowa 1962); H.R.Rep. No. 2638, 84th Cong., 2d Sess. 72 (1957). Reference must be made then to the purposes of sections 1142(b) and 724a in order to reconcile the inconsistencies in their language.

█ As noted in *DeLucca,* 670 F.2d at 846–847:

31 U.S.C. § 724a clearly overrides § 2411(b) .... The differing language regarding interest and appropriation acts in § 2411(b) is vestigial, remaining from pre-1977, when § 724a only applied to judgments less than $100,000. Before 1977, "an individual who recover[ed] [an amount in excess of $100,000] must await a special appropriation, during which period interest accumulates" pursuant to 28 U.S.C. § 2411(b). *United States v. Maryland,* 349 F.2d 693, 695 (D.C.Cir.1965). With the 1977 amendments to § 724a removing the $100,000 limitation, the provision regarding interest in § 724a completely overrides the contrary provision in § 2411(b).

Thus, the language of § 724a applies to the instant case and limits the government's liability for post-judgment interest to a period beginning with the date of the filing of the transcript of the judgments in the GAO. Indeed, appellants concede this to be the case but argue that the United States must bear the responsibility to file the transcript of judgments with the GAO, or alternatively, that the requirement violates due process.

The language of § 724a which limits the liability of the government to interest accrued "from the date of filing," fails to specify who has the responsibility to file. Appellants contend that the language of the Act is not explicit enough to put them on notice of a duty to file and, therefore, they should not be penalized for their failure to comply.

Appellants argue that fairness places the responsibility to file on the government. Relying upon principles of agency, appellants argue that "[t]he public has the right

to assume that what the Attorney General as agent of the General Accounting Office knows, is also known by the said General Accounting Office." Moreover, appellants argue that when the Attorney General undertook to pursue an appeal and, therefore, to delay prompt payment of the judgments to appellants, he obligated the United States to underwrite the accumulating interest during the time of appeal. Accordingly, appellants conclude that when, after the judgments were entered and filed with the District Court, copies were sent to the Attorney General, it was effectively filed with the GAO in compliance with § 724a. Appellants' reliance on such principles of agency is misplaced.

Appellants' argument that justice demands we impose or assume knowledge on the part of the GAO as a necessary corollary of knowledge of the Attorney General is based on the assumption that § 724a filing is required solely to ensure that the GAO have knowledge of the interest-bearing judgment pending appeal. There is no support for such an assumption. Explicit in the language and the legislative history of § 724a is the desire of Congress to limit the liability of the United States for interest payments. One way to limit such payments is to defer the date on which interest begins to accrue from the date judgment was entered to the date on which the prospective recipient of the accrued interest files a transcript of judgment with the GAO. Also noted in the legislative history of § 724a is the desire for continuity between provisions applicable to the payment of interest on judgments appealed from the court of claims and those appealed from the district courts. Provisions regarding the former required the filing of a transcript of judgment with the GAO. Continuity was obtained by imposing this provision on interest on judgments appealed from the district courts. As these varied purposes underlay the adoption of § 724a, appellants' purported entitlement to interest does not necessarily turn upon whether the GAO knew, or can be presumed to have known, of the existence of the judgments during the appeal period.

Assuming arguendo that the principal purpose of the § 724a filing requirement is to inform the GAO of the existence of interest-bearing judgments during the appeal period, it does not necessarily follow that principles of agency should be invoked to impose knowledge held by the Attorney General onto the GAO. As noted earlier, absent statutory authorization, appellants are not entitled to receive interest on their judgments against the United States. When Congress employed its power to subject the United States to liability for interest accrued on adverse judgments under the FTCA, it did so within the context of explicitly prescribed terms and conditions. Congress is entitled to establish the administrative procedures which must be followed by the prospective recipient of post-judgment interest. Administrative convenience is a sufficient justification for the filing procedure set forth in § 724a. To require the Justice Department to file transcripts of adverse judgments in every case involving the liability of the United States under the FTCA is an additional administrative burden.

Congress was free to impose the filing requirement on the claimants. The Court is not free to rewrite the statute by eliminating the requirement. Congress was presumably aware that the Attorney General would have notice of adverse judgments at or about the dates they were entered. It nonetheless chose to impose this additional requirement on claimants.

█ We cannot accept appellants' contention that it is logical to impose the duty to file on the government. The financial interest at stake is that of appellants. It makes little sense to assume that Congress intended to place the ability to protect that interest in the hands of the government, the adversary party. Filing is the means by which appellants exercise and preserve their right to receive the interest on their judgments for the appeal period. Steps for the collection of any judgment are ordinarily the responsibility of the prevailing party. Surely, then, Congress intended that the

responsibility to file rest on the appellants. There is no claim that they lacked the ability to do so.

Appellants rely on the language of Federal Rule of Appellate Procedure 37 [3] to argue that interest should be payable from the date their judgments were entered. This reliance is misplaced. Rule 37 is expressly limited to situations where no procedure for the payment of interest has been provided by law.

Appellants next argue that

[i]t is inconceivable that the legislature would ever have intended that Section 724a should negate a part of a court's order, especially a part of an order that does not state that such a part is in any way conditional.

\*　　\*　　\*　　\*　　\*　　\*

If the court would have intended at the time the judgment order was entered that the plaintiffs would have to do something to preserve their rights to the judgment or that the government would have a right to modify the order, the same would have been so stated in the judgment entry. The government, having been ordered to pay interest, cannot be [sic] relieve itself of its obligation, notwithstanding Section 724a.

Appellants emphasize that their judgments were unconditional, that any qualifications on them should have been so stated in the judgments. In their wish to elevate the interest provision of their judgments above the statutory interest provision of § 724a, appellants ignore the fact that a judgment against the United States, assessing liability for accrued interest, is necessarily conditioned upon the statute which authorized its payment. To receive interest, appellants needed not only to have been awarded interest-bearing judgments, but also to have made the requisite filing with the GAO.

We agree with the Fifth Circuit which has expressly interpreted § 724a to place the burden to file on the claimants. *United States v. Varner*, 400 F.2d 369, 372 (5th Cir.1968). Further, in *United States v. Culp*, 346 F.2d 35, 36–37 (5th Cir.1965), that court noted:

Here, the Government approved the form of the judgment entered in the trial court. This may have contributed to the failure of the appellees to file their transcript of the trial court's judgment in the General Accounting Office which prevented them from earning legal interest from that date until the date of the mandate of this court. However, since both the time from which the interest can run and the rate of interest are fixed by statute, we do not consider it to be appropriate to change either of these provisions by a species of estoppel.

In summary, Congress conditioned appellants' right to post-judgment interest upon compliance with the filing requirements of 31 U.S.C. § 724a, and appellants' failure to satisfy its mandate precludes their receipt of interest.

### 2. Constitutional Argument

■ Appellants argue, in the alternative, that even assuming Congress intended to impose upon them the responsibility to file, § 724a is unconstitutionally vague and confusing. They contend that the statute deprives them of property without due process of law because they were required to guess who had the duty to file the transcript of judgments. The government counters by conceding that although the statute could have been drafted with greater precision, that alone is not enough to invalidate it.

The District Court upheld § 724a as constitutional, applying the standard that "[t]he section is not so vague and indefinite as to be no rule or standard at all." The test of constitutional clarity has been artic-

---

**3.** Interest on Judgments

Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. If a judg-

ment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.

ulated in a variety of different ways and the test used by the District Court was not improper.

As the Eighth Circuit recently summarized, *Horn v. Burns and Roe,* 536 F.2d 251, 254 (8th Cir.1976), *see also Kay v. Austin,* 621 F.2d 809 (6th Cir.1980), the standard to be applied in determining the constitutionality of a statute which has been challenged as void for vagueness is as follows:

> The Supreme Court has recognized that a noncriminal statute is unconstitutionally vague under the due process clause of the Fifth or Fourteenth Amendments when its language does not convey sufficiently definite warning as to the prescribed conduct when measured by common understanding or practice. (citations omitted) A noncriminal statute is not unconstitutionally vague, however, where its terms are such that the ordinary person exercising common sense can sufficiently understand and fulfill its prescriptions. (citations omitted) A finding of vagueness will thus result only where "the exaction of obedience to a rule or standard * * * was so vague and indefinite as really to be no rule or standard at all * * * ", *A.B. Small Co. v. American Sugar Refining Co.,* 267 U.S. 233, 239, 45 S.Ct. 295, 297, 69 L.Ed. 589 (1925), or where the statute is written in such terms that "men of common intelligence must necessarily guess at its meaning and differ as to its application * * * ". *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). (citations omitted)

It does not appear that the contested provision of 31 U.S.C. § 724a is so vague that a person exercising common sense could not sufficiently understand and fulfill its prescription. Commentators read § 724a as placing the burden to file on a claimant. 2 L. Jayson, *Handling Federal Tort Claims,* § 301.01 (1981). Moreover, although one court has concluded to the contrary,[4] the majority of courts likewise agree

that Congress imposed the responsibility to file on the claimants. *See Culp, supra.* It was held in *United States v. State of Maryland for the Use of Meyer,* 349 F.2d at 695, that had claimants complied with the statute by filing a transcript of the judgment, each would have been entitled to receive payments with the interest authorized by § 724a. Also, in *United States v. Wells,* 337 F.2d 615, 616 (5th Cir.1964), appellees conceded technical error in the calculation of interest and agreed to have it recomputed in compliance with § 724a, accruing at 4% per year from the date of the filing of the transcript of judgment with the GAO.

Finally, the Comptroller General has cautioned that although interest on judgments under the FTCA is generally authorized by 28 U.S.C. § 2411(b), the authority to pay interest is limited by 31 U.S.C. § 724a. *Vaillancourt v. United States,* 58 Comp.Gen. 67, 69 (1978). In that same opinion the Comptroller General set forth an explanation of § 724a as provided by the Bureau of the Budget (now Office of Management and Budget).

> In district court cases which are appealed by the Government, interest would be eliminated from the date the judgment was rendered *to the date the plaintiff filed a transcript thereof with the proper Government agency,* and from the date of the mandate of affirmance to the time when a specific appropriation could be secured for the payment of the judgment. Hearings on Supplemental Appropriation Bill, 1957. Before Subcommittees of the House Committee on Appropriations, 84th Cong., 2d Sess., pt. 2, at 883 (1956). (emphasis added)

*Id.* at 71.

In light of the language and purpose of the Act, and the interpretations available in existent case law, appellants were sufficiently apprised of their responsibility to file under 31 U.S.C. § 724a, and their challenge of unconstitutional vagueness must fail.

---

**4.** *Driscoll v. United States,* Civil Action No. 75–146 (D.C.Del. June 20, 1980), noted in 2 L. Jayson, *Handling Federal Tort Claims,* § 301.01

(1981), and cited by both the appellants and the government.

Accordingly, the order of the District Court is affirmed.