Robert J. MOYER and Gloria G. Moyer, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CV–R–82–327–ECR.

United States District Court, D. Nevada.

June 25, 1985.

Durney, Guinan & Brennan by Peter D. Burney, Reno, Nev., for plaintiffs.

Lamond R. Mills, U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendant.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The plaintiffs have filed a motion for an order resolving disputes and to compel defendant United States to pay the judgment entered against it, together with interest. The defendant is requiring the plaintiffs to execute release and satisfaction of judgment forms and to execute a written acknowledgment that their attorney is not collecting more than 25% of the judgment, before it will pay. Further, the United States contends that the plaintiffs are not entitled to interest because its appeal has been withdrawn and also by reason of the failure of the plaintiffs to file a transcript of the judgment with the Comptroller General.

■ The release forms submitted by the defendant for the plaintiffs' signatures state: "It is understood that this settlement is a compromise of a doubtful and disputed claim. . . ." The plaintiffs point out that their claim has been litigated to judgment, so that the quoted portion is inappropriate. In response, the United States merely notes that other claims that may arise in the future out of the "facts and circumstances surrounding the events that gave rise to the litigation" may constitute a doubtful and disputed claim.

The doctrine of res judicata protects the defendant from future claims by the plaintiffs that might have been litigated in this lawsuit. If the litigation had ended with a compromise settlement, the defendant could have insisted on executed releases as partial consideration for payment. That was not the case here, however. The plaintiffs have obtained an enforceable judgment the hard way, so that they need not sign releases.

■ The United States also has demanded that the plaintiffs sign satisfaction of judgment forms as part of the payment transaction. The plaintiffs indicate no objection to signing satisfaction forms, but think that the costs awarded to them should be mentioned in the documents. Since the costs awarded are part of the judgment, the plaintiffs are technically correct. Therefore they are entitled to have the satisfaction of judgment forms amended to reflect that costs were included in the judgment being satisfied.

■ The plaintiffs' attorney has represented, via affidavit, that he is aware of the 25% limit on attorney fees imposed by 28 U.S.C. § 2678 and will not charge or collect any fees in excess thereof. His affidavit further declares that he has invited the U.S. Attorney to contact the plaintiffs directly by telephone to confirm that their fee contract does not violate the statute. He sees no authority for the defendant's demand that compliance be acknowledged in writing. The United States, in turn, argues that it is reasonable to require formal acknowledgment of compliance with the law as a protection to the plaintiffs.

Violation of § 2678 subjects an offending attorney to fine or imprisonment or both. The legislative history of the 1966 amendment to the statute notes that it did away with the requirement of court allowance of the amount of attorney fees, and that: "The actual amount of attorneys fees within the statutory limits, therefore, is made a matter for determination between the litigant and his attorney." 1966 U.S.Code Cong. & Ad.News 2515, 2521. As a result, a court should not get involved in such a fee arrangement absent a showing of special reasons. *Frazier v. United States*, 550 F.Supp. 203, 204 (W.D.Okla.1982). No special reasons have been shown here. It necessarily follows that the U.S. Attorney may not hold up payment of a judgment when there is no indication that § 2678 is being violated. This Court need not decide the question whether payment could be delayed if there were circumstances suggesting breach of the statute.

The plaintiffs contend that they are entitled to interest on their judgment from the date of its entry. They point out that 28 U.S.C. § 1961 provides for allowance of interest on any money judgment in a civil case. The defendant urges, among other things, that 31 U.S.C. § 1304(b)(1)(A) precludes interest unless a transcript of the judgment has been filed with the Comptroller General. It is acknowledged by the plaintiffs that it was their responsibility to file a transcript and that they have not done so. However, they feel that a letter sent by their attorney to the Assistant U.S. Attorney representing the Government should be deemed to satisfy the transcript of judgment filing requirement. The letter indicated a belief that the Assistant U.S. Attorney would make the General Accounting Office aware that interest is to be computed daily under § 1961.

 § 1304(b)(1)(A) reads, in pertinent part: "Interest may be paid ... on a judgment of a district court ... only from the date of filing of the transcript of the judgment with the Comptroller General...." A statute providing for interest on a judgment against the United States constitutes a waiver of sovereign immunity and must be strictly construed in a manner favorable to the Government. *Hammond Co. v. United States*, 568 F.Supp. 309, 312 (S.D. Cal.1983). The requirement that a transcript be filed is not satisfied by the fact that the Comptroller General might have actual knowledge of the judgment. *Reminga v. United States*, 695 F.2d 1000, 1003 (6th Cir.1982). Nor will any "constructive" filing of the transcript suffice. *Rooney v. United States*, 694 F.2d 582, 583 (9th Cir.1982). Both *Rooney* and *Reminga* hold that failure to file the transcript precludes recovery of interest by the judgment creditor. This rule is controlling here.

IT IS, THEREFORE, HEREBY DECLARED AND ADJUDICATED that:

1. The plaintiffs need not sign any release forms to be entitled to payment of their judgment;

2. The satisfaction of judgment forms shall reflect that costs are a part of the judgment, if the plaintiffs so desire;

3. The plaintiffs and their attorney need not acknowledge in writing that their attorney fee arrangement is in compliance with 28 U.S.C. § 2678;

4. The plaintiffs are not entitled to any interest on their judgment;

5. The defendant is entitled to executed satisfaction of judgment forms; and

6. The plaintiffs are entitled to immediate payment of their judgment.

IT IS, THEREFORE, HEREBY ORDERED that the $52,039.15 heretofore deposited in a money market account, together with all interest accrued thereon, shall be released forthwith to the Clerk of Court, who shall disburse the same to the plaintiffs and their attorney upon being furnished executed satisfaction of judgment forms. Said executed forms shall be delivered by the Clerk to the Reno office of the United States Attorney.