883 F.2d 1023
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Robert Taylor CLEVELAND, Petitioner--Appellee,
v.
Paul J. MORRIS, Warden; Attorney General, State of
California, et al, Respondents--Appellant
 No. 88-6490.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1989.
Decided Aug. 17, 1989.
 Before HUG, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Taylor Cleveland was convicted in state court under Cal.Penal Code Sec. 209(b) for kidnapping for the purpose of robbery and sentenced to a life term with the possibility of parole. The State of California appeals the district court's grant of Cleveland's petition under 28 U.S.C. Sec. 2254 (1982) for a writ of habeas corpus. The district court concluded that the state court's denial of Cleveland's motion to proceed pro se in his criminal trial violated his sixth amendment right of self-representation. We affirm.
 
 
 3
 * According to the doctrine of law of the case, an appellate court's resolution of a legal issue must be followed in all subsequent proceedings in the same case, either at the trial or appellate level. Planned Parenthood of Cent. and N. Ariz. v. Arizona, 718 F.2d 938, 949 (9th Cir.1983) (citing Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 833 (9th Cir.1982)); see also Adamian v. Lombardi, 608 F.2d 1224, 1228 (9th Cir.1979) ("[T]he scope of review is narrowed to the limitations of the remand."), cert. denied, 446 U.S. 938 (1980).
 
 
 4
 This doctrine disposes of two of the five claims the government raises on appeal. First, the government argues that Cleveland's request for a two-to-three month continuance was properly denied. However, Cleveland v. Morris, No. 85-6245, at 4 (1987) (memorandum disposition) (Cleveland I ), held that "[d]elay itself ... is an insufficient ground for denying a motion."
 
 
 5
 Second, the government continues to press the argument that any error in denying Cleveland his Faretta motion would be harmless, since Cleveland would have lost his right to be present at trial as a result of his courtroom demeanor. However, the Cleveland I panel rejected this argument as being "speculat[ive]."
 
 II
 
 6
 The government next challenges the magistrate's finding, which the district court adopted, that Cleveland did not seek self-representation for purposes of delay. Our review of this factual finding is for clear error. See United States v. McConney, 728 F.2d 1195, 1202-04 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 7
 The government's challenge centers around the three factors identified in Fritz v. Spalding, 682 F.2d 782, 784-85 (9th Cir.1982): namely, the effect of the delay, the prejudice caused, and the defendant's opportunity to have made the motion earlier. The magistrate made comprehensive findings addressing each of the government's contentions. We have studied these findings carefully and are unable to conclude that there was clear error.
 
 III
 
 8
 The government claims that the district court committed reversible error by excluding the state judge's findings from the evidentiary hearing. According to the government, (1) the state trial judge's findings were admissible under 28 U.S.C. Sec. 2245 (1982), and (2) their exclusion was prejudicial. Because we conclude that the government has failed to demonstrate prejudice, we need not address the issue of admissibility.
 
 
 9
 The government's entire argument of prejudice is confined to a single sentence: "Judge Beam's findings provide further evidence of petitioner's dilatory intent in asserting his right to proceed pro per." Brief of Appellant at 23. However, an examination of the state trial proceedings fails to establish that the district court's decision to grant the writ of habeas corpus would have been altered by the admission of this evidence. The colloquy between the state judge and Cleveland about the Faretta motion, see E.R. at 32-35, suggests that the judge denied the motion because he believed it to be untimely, and not because he thought Cleveland's motive was to delay the proceedings. Indeed, the judge stated his reason "for the record"--untimeliness.
 
 
 10
 Moreover, a comparison of the state judge's later findings in the state habeas proceeding with those of the magistrate indicates that their exclusion from evidence did not result in prejudice to the government. The state judge found that Cleveland's motive in seeking self-representation was to delay the proceedings. He reached this conclusion by noting: "[I]f the defendant was sincere in exercising his Faretta rights, he would have so indicated at a reasonable time before the trial date, keeping in mind that the defendant was before the court on four separate occasions prior to making his Faretta motion." E.R. at 67.
 
 
 11
 Significantly, this finding fails to take into account Cleveland's explanation that he was unable to move earlier because he did not realize until the original date set for trial that his lawyer intended to proceed. The magistrate found this explanation credible, thereby undermining the state judge's basis for questioning Cleveland's motive. Furthermore, the magistrate reasonably concluded that Cleveland, who all the while was in custody, had no incentive to delay, and that the government's claim of prejudice occasioned by the delay was "speculative and non-specific at best."
 
 IV
 
 12
 Finally, the government invites us to "reconsider" the Ninth Circuit rule, see Fritz v. Spalding, 682 F.2d 782, 784 (9th Cir.1982), that accords defendants the right to make a Faretta motion before the jury is impaneled. The government asks the panel to qualify this right by requiring the defendant to make the motion within a reasonable time prior to the commencement of trial. We must decline this invitation; as a three-judge panel, we have no authority to overrule a prior Ninth Circuit decision. Greenhow v. Secretary of Health and Human Services, 863 F.2d 633, 636 (9th Cir.1988).
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3