Lisa D. DESART, a minor, by and through her Guardian ad Litem, Katherine DESART, Plaintiff–Appellee,

v.

UNITED STATES of America, Defendant–Appellant.

No. 91–15064.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 20, 1991.

Memorandum Oct. 8, 1991.

Order and Opinion Oct. 29, 1991.

William G. Cole, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

Pamela J. Stevens, Bostwick & Tehin, San Francisco, Cal., for plaintiff-appellee.

Before SNEED, ALARCON and LEAVY, Circuit Judges.

### ORDER

The memorandum disposition filed October 8, 1991, is redesignated as an authored opinion by Judge Leavy.

### OPINION

LEAVY, Circuit Judge:

This is a comeback case, filed under the Federal Tort Claims Act ("FTCA"), in which the government appeals from the district court's order regarding the payment of interest on a revised damage award of $5.6 million in favor of the appellee, Lisa Desart. We affirm in part, reverse in part and remand.

### FACTS AND PRIOR PROCEEDINGS

Lisa Desart suffered profound nerve, muscle, and brain damage as the result of negligent treatment she received for meningitis contracted shortly after her birth in a government medical facility. Lisa, acting by and through her mother as guardian ad litem, timely filed a FTCA claim against the government and, when her claim was denied, brought the instant action in federal district court. Following a trial on the merits, the district court entered judgment in favor of Lisa on April 29, 1988, awarding her some $3.4 million in damages "plus interest from the date of entry of judgment until paid." On May 5, 1988, Lisa served a certified copy of the judgment on the GAO's Comptroller General.

The government appealed, arguing that the action was time-barred, that the damage award should have been reduced to reflect anticipated insurance benefits, and that the district court had erred in applying a zero percent discount rate in calculating the present value of the damages. Lisa cross-appealed, arguing that the district court had erred in its determination of the amount of attendant care required and by

applying California's $250,000 limitation of noneconomic damages in medical malpractice suits.

On August 22, 1989, we affirmed the district court on all but two points, *viz.*, 883 F.2d 1023, the discount rate and the award of attendant care. Following our denial of the government's petition for rehearing, we issued a mandate of affirmance and remand on March 8, 1990.

The district court on remand revised the total damage award upward to $5.6 million and ordered that "interest shall run on the revised judgment as of May 5, 1988", *i.e.*, the date of the original judgment, until paid. The government has again appealed.

## DISCUSSION

The government does not challenge the amount of the revised damage award,[1] nor does it contend that it owes no interest on the appellee's judgment. Instead, the government argues that, pursuant to 31 U.S.C. § 1304(b)(1)(A), it is only required to pay interest on the $3.4 million judgment, and then only for that period of time between May 5, 1988, the date the Comptroller General received notice of the judgment, and March 7, 1990, the day before the mandate of affirmance issued. We accept this position.

"Interest is only recoverable against the United States when specifically provided for by statute." *DeLucca v. United States*, 670 F.2d 843, 846 (9th Cir.1982). The Federal Courts Improvement Act of 1982 ("FCIA"), Pub.L. No. 97–164, tit. III, pt. B, § 302, 96 Stat. 25, 55–56 (1982), codified in part at 28 U.S.C. § 1961, governs the rate and timing of postjudgment interest chargeable against a losing party except as provided in 31 U.S.C. § 1304. 28 U.S.C. § 1961(b). Section 1304(b)(1)(A) ex-

pressly states that "[i]nterest may be paid ... on a judgment [against the government] ... only when the judgment becomes final after review on appeal ... and then only from the date of filing of the transcript of the judgment with the Comptroller General through the day before the date of the mandate of affirmance...."

No reported decision of this or any other court has held that a prevailing plaintiff in a FTCA action is entitled to interest against the government beyond the dates specified by section 1304(b)(1)(A), even when a remand was necessary to revise the calculation of a damage award.[2] In light of the express wording of section 1304 and the absence of any clear support for the appellee's position either in the case law or in the FCIA's legislative history, we must reverse and remand that portion of the district court's judgment regarding the payment of interest. On remand, the district court shall calculate the amount of interest owing on the original $3.4 million damage award for the period of time between May 5, 1988, and March 7, 1990, inclusive. In all other respects, we affirm the district court's judgment.[3]

AFFIRMED in part, REVERSED in part and REMANDED for proceedings consistent with the above. Each side will bear its own costs on appeal, including attorney's fees.

---

1. The government has already paid the $5.6 million judgment to the appellee.

2. In *Campbell v. United States*, 809 F.2d 563 (9th Cir.1987), we allowed for interest beyond the dates authorized by section 1304(b)(1)(A) only because the government did not appeal from that portion of the district court's order providing for interest up to and including the date of its denial of the government's Rule 60(b) motion, filed after remand. 809 F.2d at 567 n. 3.

3. "Presumably, a party may still seek post-judgment interest that is not funded under § 1304 through the traditional route of petitioning Congress for a special appropriation act for the amount that would accrue under § 1961. *See Rooney v. United States*, 694 F.2d 582, 583 n. 2 (9th Cir.1982)." *Campbell*, 809 F.2d at 566 n. 1.