**Donald J. MacDONALD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 3:CV–88–1567.**

United States District Court,
M.D. Pennsylvania.

June 15, 1993.

Lewis H. Markowitz, York, PA, for plaintiff.

Jerome T. Dempsey, Office of Dist. Counsel, Philadelphia, PA, Robert J. DeSousa, U.S. Attorney's Office, Lewisburg, PA, for defendant.

## MEMORANDUM

McCLURE, District Judge.

### Background

Plaintiff Donald J. MacDonald filed this action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (FTCA), alleging that surgery performed on his left leg on April 2, 1986 at the Veterans Administration Medical Center at Wilkes–Barre, Pennsylvania was performed without his informed consent.[1] Plaintiff alleged that the surgery exacerbated, to an extreme degree, a pre-existing chronic venous insufficiency problem, leaving him substantially disabled.

Following a bifurcated bench trial, the court issued its findings and conclusions in an order dated June 28, 1991, finding in plaintiff's favor on liability. 767 F.Supp. 1295. Damages were calculated in a later order dated November 22, 1991, pursuant to which judgment was entered in favor of the plaintiff and against the United States in the amount of $682,367.00. 781 F.Supp. 320.

The United States appealed the finding of liability and the award of damages to the Third Circuit Court of Appeals. Its notice of appeal was filed January 16, 1992. Plaintiff

---

1. This court has jurisdiction under 28 U.S.C. § 1346(b).

filed a cross-appeal on January 22, 1992, challenging the court's calculation of damages. In an order dated December 7, 1992, the Third Circuit affirmed the district court in all respects, without opinion. 983 F.2d 1051.

Following the affirmance, plaintiff obtained certified copies of the judgment and the orders of this court and the Third Circuit, which he then filed with the Comptroller General of the United States with a request for payment.

In a decision dated February 16, 1993, the Comptroller General advised plaintiff that he would not be awarded post-judgment interest, citing plaintiff's failure to comply with 31 U.S.C. § 1304.[2] Plaintiff received a check from the Comptroller General on March 9, 1993 in the amount of $682,367.00, the amount of the judgment, exclusive of post-judgment interest.

Plaintiff then filed the motion currently before this court (Record Document No. 89) seeking an order directing the United States to pay post-judgment interest from June 28, 1991 to March 8, 1993. The United States opposes the motion on the ground that post-judgment interest is recoverable from the federal government only if the prevailing plaintiff complies with all requirements of 31 U.S.C. § 1304, and then only for the period between the entry of judgment and the day before affirmance on appeal or notification by the Department of Justice (DOJ) that it does not intend to appeal the award. The United States asserts that plaintiff is not entitled to post-judgment interest under section 1304, because he did not notify the Comptroller General of the judgment until *after* that office had already been notified by the DOJ

that a final judgment had been entered and it had no intention of filing a further appeal and requested that the judgment be paid.

Plaintiff concedes that he did not file the judgment with the Comptroller General before that office received notification and a request for payment from the DOJ, as provided for in section 1304, but argues that that statute does not apply to judgments entered in a FTCA action.

For the reasons discussed below, plaintiff's motion will be denied. We find that: 1) section 1304 governs the award of post-judgment interest against the United States in an FTCA action; 2) plaintiff did not file the judgment with the Comptroller General before that office was notified of the Third Circuit's affirmance by the DOJ; 3) under section 1304, post-judgment interest accrues only from the date the Comptroller General is notified of the judgment until the day before it receives notice that the judgment has been affirmed and that no further appeals will be taken; and 4) not having notified the Comptroller General until after the interest period had expired, plaintiff is not entitled to post-judgment interest.

## DISCUSSION

### Section 1304

■ "Interest is recoverable against the United States only when expressly provided for by statute." *Hull v. United States*, 971 F.2d 1499, 1506 (10th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1844, 123 L.Ed.2d 469 (1993), citing *Library of Congress v. Shaw*, 478 U.S. 310, 314, 106 S.Ct. 2957, 2961, 92 L.Ed.2d 250 (1986). Section 1304 permits an award of post-judgment interest against the United States under certain conditions.[3] Because it operates as a

---

2. A copy of the Comptroller General's decision is attached to plaintiff's motion to compel payment of interest (Record Document No. 89) as exhibit "A".

3. Section 1304 provides, in relevant part:
    (a) Necessary amounts are appropriated to pay final judgments, awards, compromise settlements, and interest and costs specified in the judgments or otherwise authorized by law when—
        (1) payment is not otherwise provided for;
        (2) payment is certified by the Comptroller General; and

(3) the judgment, award, or settlement is payable—
    (A) under section 2414, 2517, 2672, or 2677 of title 28;
    (B) under section 3723 of this title;
    (C) under a decision of a board of contract appeals; or
    (D) in excess of an amount payable from the appropriations of an agency for a meritorious claim under section 2733 or 2734 of title 10, section 715 of title 32, or section 203 of the National Aeronautics and Space Act of 1958 (42 U.S.C. 2473).

waiver of sovereign immunity, section 1304 is strictly construed, and its requirements must be followed to the letter. See: *United States v. Nordic Village*, —— U.S. ——, ——, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181, 188 (1992);[4] and *Shaw, supra,* 478 U.S. at 318, 106 S.Ct. at 2963.

As stated above, plaintiff argues that section 1304 should not apply to him because its application is inconsistent with the FTCA. Plaintiff argues that applying section 1304 to FTCA cases would place the United States on a different footing than other tort defendants, in contravention of the FTCA mandate set forth in 28 U.S.C. § 2674 that the United States shall be liable for tortious conduct to the same extent as a private individual under like circumstances.[5] Plaintiff argues that section 2674 requires that post-judgment interest be awarded under the statute applicable to judgments entered against private civil litigants, 28 U.S.C. § 1961(a). Under section 1961(a),[6] post-judgment interest begins accruing automatically from the date judgment is entered. No action is required on the part of the judgment creditor for interest to begin accruing.

■ Section 1304 unquestionably applies to a judgment entered against the United States in an FTCA action. *Hull, supra,* 971 F.2d at 1508–09. Plaintiff's argument that its application is inconsistent with the FTCA, 28 U.S.C. § 2674, has been rejected by other courts. See: *Lucas v. United States,* 807 F.2d 414, 423 (5th Cir.1986) (Fifth Circuit rejected plaintiff's argument that interest should accrue against the United States in an FTCA action in the same manner as it accrues against private citizens). Section 1304 supersedes section 2674. To the extent the two are inconsistent, section 1304, being the more specific statute, prevails. *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 153–57, 96 S.Ct. 1989, 1992–94, 48 L.Ed.2d 540 (1976) (In statutory construction, a specific statutory provision usually takes precedence over a general one.)

■ Plaintiff's argument is also invalidated by the provisions of section 1961(b). By its own terms, section 1961(b), which governs the interest accrual period, does not apply to judgments against the United States.[7] Section 1961(b) specifically excludes actions gov-

---

(b)(1) Interest may be paid from the appropriation made by this section—
   (A) on a judgment of a district court, only when the judgment becomes final after review on appeal or petition by the United States Government, and then only from the date of filing of the transcript of the judgment with the Comptroller General through the day before the date of the mandate of affirmance ...
31 U.S.C. § 1304.

4. *United States v. Nordic Village*, —— U.S. ——, ——, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181, 188 (1992) tacitly resolved an apparent conflict in Supreme Court doctrine on the interpretation of waivers of sovereign immunity. There are two long standing rules of construction: 1) a rule of narrow construction, see, e.g., *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951) and *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983); and 2) a rule of broad construction, see, e.g., *United States v. Yellow Cab Co.,* 340 U.S. 543, 547, 71 S.Ct. 399, 402, 95 L.Ed. 523 (1951) ("sweeping language" of the Federal Tort Claims Act broadly construed).
   Nordic Village made it clear that the rule of broad construction applies to waivers based on a sue and be sued clause in federal agency/instrumentality enabling legislation, and that the rule of narrow construction applies to waivers based on other authority.

5. Section 2674 provides, in relevant part:
   The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages. 28 U.S.C. § 2674.

6. Section 1961(a) provides:
   (a) Interest shall be allowed on any money judgment in a civil case recovered in a District Court.... Such interest shall be calculated from the date of the entry of the judgment ... 28 U.S.C. § 1961(a).

7. Case law suggests only one possible avenue for seeking post-judgment interest against the United States under conditions other than those specifically provided for in section 1304. In *Desart by and through Desart v. United States,* 947 F.2d 871 (9th Cir.1991), the Ninth Circuit raised the possibility that a party seeking interest outside the parameters of section 1304 might petition Congress "for a special appropriation act for the amount that would accrue under § 1961." *Id.* at 872 n. 3, citing *Rooney v. United States,* 694 F.2d 582, 583 n. 2 (9th Cir.1982) and *Campbell v. United States,* 809 F.2d 563, 566 n. 1 (9th Cir. 1987).

686

erned by 31 U.S.C. § 1304(b) from its accrual period provisions, stating:

> Interest shall be computed daily to the date of payment **except as provided in ... section 1304(b) of title 31,** and shall be compounded annually.

28 U.S.C. § 1961(b) (Emphasis supplied.) See: *United States v. Wilson,* 926 F.2d 725, 728 (8th Cir.1991). Section 1961 applies in actions against the United States for the purpose of determining the rate of interest only. 28 U.S.C. § 1961(a).

Thus, it is clear that section 1304 determines the period of interest accrual on judgments against the United States under the FTCA, and that plaintiff can prevail on his claim for post-judgment interest only to the extent it permits such an award. Section 1304 permits a prevailing FTCA plaintiff to recover interest only for the period during which the judgment is on appeal, *Desart, supra,* 947 F.2d at 872, and then only from the date on which a transcript of the judgment is filed with the Comptroller General "through the day before the date of the mandate of affirmance" or notification by the DOJ that it will not appeal the award. *Cardillo by Cardillo v. United States,* 767 F.2d 33, 34 (2d Cir.1985). Interest does not begin to accrue until the judgment is filed with the Comptroller General. *Moyer v. United States,* 612 F.Supp. 239, 241 (D.C.Nev.1985).

Here, the relevant facts are undisputed. MacDonald did not file certified copies of the judgment and court orders with the Comptroller General until January 29, 1993, *after* that office had been notified by the DOJ of the Third Circuit's affirmance. Because plaintiff's judgment was not filed until after the Comptroller General received notice of affirmance and a request for payment from the DOJ, post-judgment interest never began to accrue. Plaintiff is entitled to recover the amount of the judgment only, and his motion for post-judgment interest will be denied.