Brij N. BHARGAVA, Plaintiff,

v.

Amy VENEMAN, Secretary, U.S. Department of Agriculture, Defendant.

No. CIV A 98–2182 (ESH/JM).

United States District Court, District of Columbia.

May 7, 2001.

Gary Thomas Brown, Janice Anne Simons, Brown & Simons, L.L.P., Washington, DC, for Brij N. Bhargava.

Edward Alkalay, U.S. Attorney's Office, Washington, DC, for Dan Glickman.

## ORDER

FACCIOLA, United States Magistrate Judge.

Pending before me is Plaintiff's *Motion to Grant Interest* and *Motion to Restore Health Care Coverage*. For the reasons discussed below, I will deny plaintiff's motions.

## BACKGROUND

This case was originally referred to me for settlement. On December 26, 2000, the parties in this matter settled the case. Pursuant to the settlement agreement, federal defendant United States Department of Agriculture ("USDA") agreed to pay plaintiff a sum of $150,000.00 as "promptly as practicable consistent with the normal processing procedures" of the United States Department of Justice and the Department of Treasury. Defendant's

Opposition to Plaintiff's Motions ("Def. Opp.") at 1. On March 5, 2001, plaintiff filed the motions at issue, and Judge Huvelle referred those motions to me. Subsequently, on March 9, 2001, the United States Attorney's Office for the District of Columbia received the settlement check from the Department of Transportation. Def. Opp. at 1–2. Defense counsel then notified plaintiff that his settlement check was available for plaintiff's retrieval. Plaintiff signed for and received the settlement check on March 14, 2001. Def. Opp. at 2.

## DISCUSSION

Plaintiff first argues that defendant is liable for interest on the principle amount of the Settlement Award because defendant "failed to pay in a timely manner." Plaintiff's Motion to Grant Payment of Interest ("Pl.'s Mot. Int.") at 1. Although the settlement agreement was finalized on December 26, 2001, plaintiff contends that the draft settlement agreement was "drawn and signed" by both parties on September 22, 2000, so Defendant had "ample time . . . to implement payment of retirement annuity" and payment of the sum of $150,000. Pl. Mot. Int. at 1. Plaintiff therefore seeks to recover interest on the settlement award from the USDA for the alleged delay in payment.

Plaintiff is not entitled to interest on the settlement award because the USDA is shielded from an award of interest by sovereign immunity.[1] Waivers of sovereign immunity by the United States are to be strictly construed. *See Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); *Brown v. Secretary of the Army*, 78 F.3d 645, 649

---

1. Because I resolve Plaintiff's Motion for Interest on sovereign immunity grounds, it is not necessary to assess whether the USDA breached the settlement agreement in tendering payment to the plaintiff approximately two and a half months after the consummation of the agreement.

(D.C.Cir.1996). A sovereign is immune from liability for interest unless the sovereign has expressly waived its immunity either by statute or by contract. *See Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250; *Kingston Constructors, Inc. v. WMATA,* 860 F.Supp. 886, 888 (D.D.C. 1994). "There can be no consent by implication or by use of ambiguous language.... The consent necessary to waive [sovereign] immunity must be express, and it must be strictly construed." *Shaw* at 318, 106 S.Ct. 2957 (quoting *United States v. N.Y. Rayon Importing Co.,* 329 U.S. 654, 659, 67 S.Ct. 601, 91 L.Ed. 577 (1947)).

▆▆▆ The USDA has made no contractual waiver of its immunity from an award of interest on the Settlement Agreement. The Settlement Agreement between plaintiff and the USDA contains no provision which waives its sovereign immunity as to an award of interest on the settlement agreement. Further, there is no statutory waiver of sovereign immunity in this instance. 31 U.S.C.A. § 1304 (2000), which governs the appropriation of funds to pay "final judgments, awards, compromise settlements, and interest and costs," permits an award of post-judgment interest against the United States only in certain circumstances. *MacDonald v. U.S.,* 825 F.Supp. 683, 684 (M.D.Pa.1993). In pertinent part, Section 1304 provides for interest against the United States only

> (A) on a *judgment* of a district court, only when the judgment becomes final after review on appeal or petition by the United States Government, and then only from the date of filing of the transcript of the judgment with the Comptroller General through the day before the date of the mandate of affirmance
> ...

31 U.S.C.A. § 1304(b)(1) [emphasis added]. Consistent with the courts' strict interpretation of waivers of sovereign immunity,

section 1304 must be narrowly construed. *See MacDonald* at 684. Under this statute, the United States expressly waives sovereign immunity as to the payment of interest on judgments by the district courts. However, the waiver of interest under this statute does not apply to compromise settlements. Since the applicable statutory provision does not apply to settlement agreements, there is no express statutory waiver of liability for interest on the agreement at issue.

In the absence of a contractual or statutory waiver of sovereign immunity, this Court finds that the USDA may not be held liable for an award interest on the principle amount of the Settlement Agreement.

▆▆▆ Additionally, plaintiff moves this Court for restoration of plaintiff's health care coverage, and seeks damages in the amount of $50,000 for the pain and suffering arising from what plaintiff argues was the termination of his health care coverage by the USDA on December 30, 2000. Plaintiff's Motion to Restore Health Care Coverage ("Pl. Mot. Restore") at 1. Defendant counters that plaintiff's benefits were never terminated; rather, the USDA asserts that, as is "common practice" when a federal government employee retires, plaintiff's health insurance coverage was transferred from the Department of Agriculture's payroll system to the Office of Personnel Management. Def. Opp. at 2. The USDA argues that when a government employee retires, it is not unusual for the retiree to receive notice that his health insurance has been canceled or suspended. Def. Opp. at 2–3; Hackney Aff. at 1. Despite such a notice, the government contends that plaintiff's benefits are merely being transferred to OPM, and plaintiff can continue to "use the full benefits of his health insurance" during this transition period. Hackney Aff. at 1.

Based on the uncontested evidence of the government that plaintiff's benefits were never terminated and remain fully available to him, I will deny plaintiff's *Motion for Restoration* as moot. Accordingly, it is hereby

**ORDERED** that Plaintiff's *Motion to Grant Interest* [# 35] is **denied.** It is further hereby

**ORDERED** that Plaintiff's *Motion to Restore Health Coverage* [# 36] is **denied without prejudice.**

**SO ORDERED.**